State *v.* Bean.

———————

THE STATE, Respondent, *vs.* BEAN, Appellant.

21  269
86a 540

1. A general verdict upon an indictment containing several counts is good, if the punishment assessed does not exceed what may be imposed for the offence charged in any good count.
2. The supreme court will not interfere with the discretion exercised by juries in assessing punishment within the limit of the law, unless it has been manifestly abused.

*Appeal from St. Louis Criminal Court.*

*Blennerhassett & Shreve,* for appellant. 1. A general verdict upon an indictment containing several counts will not stand. (*State* v. *Montague,* 2 McCord.) 2. The verdict is beyond the limit of the law. (R. C. 1845, p. 693.)

*Clover,* (circuit attorney,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant, Bean, was indicted for keeping and maintaining a bawdy house. The indictment contains two counts. The first count charges the defendant with keeping and maintaining a bawdy house; the second count is for keeping and maintaining a disorderly house.

The defendant pleaded not guilty. The jury found a general verdict of guilty against the defendant, and assessed his punishment at twelve months' imprisonment in the county jail and a fine of two hundred and fifty dollars.

The defendant moved in arrest of judgment, and also for a new trial, which being overruled, he brings the case here by appeal.

The counsel for the defendant below, the appellant in this court, presents but one question for the revision of this court, and that is, " can a general verdict be rendered where there are several counts in an indictment ?   If such a verdict can be rendered, can this verdict stand ?

There was but little use to trouble this court with such a question as is here proposed.   If any question in criminal jurisprudence can be considered settled, this one might, we think, be so looked upon.

It has been settled by the Supreme Court of the United States, ( *United States* v. *Furlong, alias Hobson*, 5 Wheat. 1845 ;) the Supreme Court of New York, (1 Johnson's Rep. 320 ; 3 Hill, 194 ;)  Supreme Court of Indiana, (1 Blackford, 317 ;)  Supreme Court of Maine, (8 Greenl. 113 ;)  by our own court no longer ago than at July term, 1853, (*Jennings* v. *The State*, 18 Mo. Rep. 445 ;)  in Kentucky and in South Carolina ; in Illinois ; and, I presume I might have found it so decided by the courts of most of the states of this Union, had I thought the matter worthy of further examination.   The offence charged in this indictment may well be considered the same transaction—the same criminal matter.   It is well charged in the first count, and the facts constituting that charge would support the second count.   There is but one punishment, and that does not exceed the amount fixed by law for the offence charged in the first count.   True, it is at the maximum of the imprisonment, one year in the county jail, but only half of the maximum of the fine, $250, when it could have been $500.   I suppose the triers and punishers of such offences are the best judges of the amount of punishment to be inflicted ; at least our law has made them such, and, unless it is manifest that they have abused their power, this court will not interfere.   Let the judgment below be affirmed ; the other judges concurring.