MOSES RADFORD v. THE STATE.

1. In a trial for theft of a box of tobacco, the court below admitted, as evidence of the ownership alleged in the indictment, a bill of lading, with which the defendant had no connection, and the authenticity of which was not otherwise sustained than by the opinion of a witness. *Held*, error.

2. Indictment for theft alleged that the property was taken from the possession of the Galveston agent of a New York steamship company; but the evidence proved that it was taken from the vessel, and had never passed into the possession of the agent. *Held*, that this was a fatal variance between the allegation and the proof.

3. A conviction for theft cannot be sustained when there was no proof of the value of the property stolen.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. Samuel Dodge.

The facts are indicated in the opinion.

*Higby & Dutton*, for the appellant.

*W. Alexander, Attorney General*, for the State.

WALKER, J.—The appellant was indicted in the Criminal Court of Galveston county, at the May term for the year 1871. The indictment charges him with a larceny of one-half box of tobacco. On the trial the jury found him guilty, and assessed his punishment at two years confinement at hard labor in the penitentiary. A motion for a new trial, and also a motion in arrest of judgment, were made, argued by counsel, and overruled by the court, upon which rulings of the court an appeal is taken.

In the view we take of this case, it is unnecessary to discuss at any great length the legal grounds upon which a reversal of the judgment is asked; yet we think there

was error in permitting the bill of lading, and the endorsement thereon, to go to the jury as evidence of ownership and possession of the property alleged to have been stolen. There was also error in permitting the witness Sawyer to give his opinion as to the genuineness of the bill of lading. There was also a fatal variance between the allegations of the indictment, laying the possession of the property said to have been stolen in Jeremiah N. Sawyer, and the evidence which showed the possession to have been in the steamship company of C. H. Mallory & Co. The State also failed to prove the tobacco alleged to have been stolen as of any value. (Pas. Dig. Arts. 2383-2394.)

But we are led to the examination of the statement of facts on which this conviction was had. This court has repeatedly declared its unwillingness to disturb the verdict of a jury when supported by any reasonable amount of evidence ; but, in our opinion, the verdict in this case is not only unsupported by a reasonable amount of evidence, but is positively and clearly at antagonism with almost the only legal evidence in the case. The statements of the appellant to the witness Nolan, who arrested him, although improperly admitted against him (Pas. Dig., Art. 3127), led to a very satisfactory explanation when taken in connection with the evidence of Thomas Finley and George Williams, of his entire connection with the half box of tobacco. When suddenly interrogated by the policeman Nolan about the tobacco, at the time of his arrest, he appears to have been somewhat confused, a fact in no way inconsistent with his innocence ; but, upon time, place and circumstances being mentioned to him by Nolan, he directly answers, he took the tobacco to Mr. Davis, and there the tobacco (doubtless the missing tobacco) was found. It appears from the evidence that the ap-

pellant was following the business of a drayman, and, on the day the tobacco was missed, was carrying goods from the steamship and delivering them to merchants in different parts of the city.

Now the evidence, both of Finley and Williams, is to the effect, that on the day the tobacco was missed, and in the broad light of that day, when the appellant had his dray loaded with sewing machines, a Mr. Samuel Davis came up and requested him to take a certain half box of tobacco on his dray, and deliver it at his place of business ; that the appellant loaded the tobacco on his dray, and started to the office of the steamship company to receipt for it, when he was told by Davis to drive on, that he himself would receipt for it, or had receipted for it. If the missing tobacco is identified at all, it is that taken to Davis, and found in his possession. We cannot help remarking, that if men are to be convicted as of crime, upon such evidence as this, and held to punishment, it is time that all men were looking well to their liberty. The judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.