GEORGE LUNN V. THE STATE.

<div style="float:right">44   85<br>37a 214</div>

1. INDICTMENT.—In an indictment for theft of four hogs it is sufficient to describe the property stolen as "four certain hogs;" the identity of the hogs as the animals stolen is a question of evidence.
2. PRACTICE.—When two distinct offenses are charged in an indictment or developed by the evidence, the district attorney should be required to elect on which of the charges he intends to claim a conviction, as soon as he has examined the witnesses far enough to identify the transaction, and in all cases the election must be made before the accused offers his testimony.
3. SAME.—On the trial of a party indicted under the act of May 17, 1873, for theft of animals, it is necessary to prove the value of the property stolen in order to assess the punishment.

APPEAL from Red River. Tried below before the Hon. James Q. Chenoweth.

*Gains & George*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—The indictment in this case charges the defendant, George Lunn, with theft of four hogs of the value of five dollars each. The jury found the defendant guilty, and assessed his punishment at confinement in the penitentiary for one year. There was a motion in arrest of judgment and motion for a new trial, which motions being overruled, the defendant appealed.

The grounds of the motion in arrest of judgment are: 1. Because the indictment does not charge any offense against the laws of the State. 2. The indictment is vague, uncertain, and defective. 3. The indictment does not sufficiently describe the property alleged to have been stolen.

The indictment charges that "George Lunn, feloniously, willfully, and fraudulently, did take, steal, and carry away from and out of the possession of one Jo. C. Ward four certain hogs of the value of five dollars each," &c.

The property described is the subject of larceny, and with

reference to this case greater certainty was not required. (2 Arch. Cr. Plead., 355.) The identity of the hogs as the property stolen is a question of evidence. (Ib., 390–3.)

The first ground of the motion for a new trial is that the court erred in overruling defendant's motion to compel the district attorney to elect upon which of the two alleged offenses developed by the testimony he would proceed, and in permitting the case to go to the jury upon evidence tending to show the commission of two separate offenses.

It appears from the recital in the bill of exceptions taken by the defendant on the trial that the motion was made after the State's witness, John Ray, had testified that two of the hogs were stolen by defendant one day, and that the other two hogs were stolen two days thereafter.

The general rule in felony, says Bishop, is that the court will permit the prosecutor to give evidence of only one felonious transaction. (1 Bishop on Cr. Procedure, sec. 457; 2 Arch. Cr. Plead., 361.)

It appearing from the evidence that the hogs were not stolen at one time, but were stolen at distinct times, and each act of larceny being punishable as a felony, the evidence should have been confined to a single transaction. If more hogs than one were taken at the same time the taking was only a single transaction, and punishable as such according to the value of the property as being under or over twenty dollars. By article 766*a* it is provided that if any person shall steal any sheep, hog, or goat, he shall, if the value of the property stolen is twenty dollars or over, be punished by confinement in the penitentiary not less than two nor more than five years. If the value of property is under twenty dollars he shall be punished by imprisonment in the penitentiary for not less than one nor more than two years. (See act May 17, 1873, p. 80.)

It is contended in behalf of the State that the objection arising upon the bill of exceptions is obviated by the charge of the judge, and that the jury found the defendant guilty

of only one act. The court charged the jury as follows: "If you believe from the evidence that the hogs charged in the indictment to have been stolen, were stolen on two different occasions, it will be sufficient for you to fix the value of the hogs stolen on one of the occasions proved."

The practice of the courts in the different States is far from being uniform as to what time the election is to be made by the district attorney.

In some of the States the prosecuting officer is required to make his election when he opens the case, and in other States the election must be made when he closes his evidence and before the defendant is called on to introduce his evidence. In other instances after all the evidence in the case has been closed the prosecuting officer is required to state on what particular charge or count he relies for a conviction. In some cases the doctrine of election is held to be a rule of practice and to rest in the sound discretion of the court.

The different views of the courts on this question are examined by Bishop in the first volume of his Commentaries on the Law of Criminal Procedure, sections 460, 461, 462, and the notes referring to the cases of The People *v.* Costello, 1 Denio, 83; The People *v.* Jenness, 5 Mich., 305, 327; The People *v.* Hopson, 1 Denio, 574; Hughes *v.* The State, 35 Ala., 351, and other cases.

This able jurist in a general summing up of cases on this subject expresses his own views, and says: "It is one which addresses itself chiefly to the judicial discretion of the individual judge who presides at the trial." It is added "that as a general fact justice is best promoted when the judge permits the witnesses to go far enough to identify particular transactions before compelling the election."

In all the cases the prosecuting officer either selected one transaction where more than one was charged, or if he did not the court required it to be done at some stage of the trial or at the close of the evidence.

The prosecuting officer should not be required to make the election before he has examined the witnesses far enough to identify the transactions to which the testimony relates, without going into details. When this has been done the election should then as a general rule be made.

We see nothing in the present case that would make it an exception to this general rule, and if in any case the particular facts would make the case an exception to the rule calling for the exercise of discretion the election should be made before the defendant offers his evidence. This was not done in the case at bar ; no election was made at any stage of the trial or at the close of the evidence.

The witness Ray, who was shown to be an accomplice, was not corroborated by any evidence connecting the defendant with the theft.

The value of the stolen property was not proved. This was necessary to assess the punishment. (See act of May 17, 1873, Gen. Laws, p. 80.)

The judgment is reversed and case remanded.