## ALBERT MEYER *v.* THE STATE.

1. THEFT — INDICTMENT. — Whenever the value of a stolen article affects the penalty for the offense, it must be alleged in the indictment and be established by the proof.

2. SAME. — An indictment for the theft of several articles may allege an aggregate value to the whole; but if the value affects the penalty, it is better pleading to allege the value of each article, and thus provide against a possible failure to prove the theft of some of them.

APPEAL from the District Court of Comal. Tried below before the Hon. G. H. NOONAN.

The opinion states the case.

*J. H. Burts,* for the appellant.

*W. B. Dunham,* for the State.

ECTOR, P. J. The indictment in this case charges the defendant, Albert Meyer, with theft of four hogs, of the aggregate value of $22.

When the degree of punishment depends in any manner upon the value of the thing stolen, the indictment must state its value. It is the general rule, running through the entire law of criminal pleading, that everything which concerns the punishment must be set out in the indictment. For instance, when the value is in some way material to the punishment, the indictment should allege the value.

When there are several articles, it is prudent and customary to allege the value of each article, instead of stating the aggregate value of the whole; yet an indictment is sufficient though it state the aggregate value instead of the several individual values. And if the jury find the defendant guilty of the whole charge, it is all right. But if in such case there is a failure in the proof of the larceny of some of them, a general verdict would not be justified by

the evidence, because in such case the indictment would not show the value of the articles proved to have been stolen.

In this case there is nothing in the statement of facts to show the value of the hogs alleged to have been stolen, or that they were of any value.

In the case of *Lunn* v. *The State*, 44 Texas, 85, our Supreme Court says: " The value of the stolen property was not proved. This was necessary to assess the punishment. See acts of May 17, 1873 (Gen. Laws, 80)." See, also, Bishop's Cr. Proc., secs. 713, 714; *Thompson* v. *The State*, 43 Texas, 271; *Radfield* v. *The State*, 35 Texas, 15.

Counsel for the defendant insist that the prosecution failed to prove the venue, or that the property alleged to have been stolen was taken without the consent of the owner. As both of these points may doubtless be put beyond question on another trial, we deem it only necessary to call them specially to the attention of the county attorney.

Because the value of the stolen property was not proved on the trial, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*