FRANK DALTON v. THE STATE.

1. INDICTMENT — JOINDER OF SEVERAL OFFENSES. — It is permissible to charge two or more offenses in separate counts of the same indictment; and when the charges are substantially for the same offense, and the several counts are introduced for the purpose of meeting the evidence as it may transpire, the State will not be required to elect.

2. TIME OF ELECTION BETWEEN COUNTS. — If the duty to elect be incumbent on the State, the authorities are not agreed as to the juncture at which it will be enforced; but, it seems, the State will be allowed to proceed far enough with its testimony to identify the transactions involved in the indictment.

3. CASE STATED. — One count of an indictment charged the theft of a "gelding," and another the theft of a "horse," the description of the animals being otherwise identical.   The State was not required to elect on which count it would try the accused, but the court, in its charge to the jury, restricted their inquiry to the first count.   A general verdict of guilty being returned, the accused moved in arrest of judgment because the State was not re-

quired to elect, and because the verdict does not show on which count it was found. *Held*, that, the charge of the court being tantamount to an election by the State to proceed upon the first count, and the verdict being responsive to the charge and supported by that count, the motion in arrest was correctly overruled. *Held, further*, that the better practice would have been for the prosecution, after sounding its evidence, to have made its election, or to have entered a *nolle prosequi* upon the second count; but that, as the record stands, the verdict and judgment are pleadable in bar of another indictment for the offense charged in the second count.

APPEAL from the District Court of Limestone. Tried below before the Hon. D. M. PRENDERGAST.

The first count of the indictment charged that the accused, on October 1, 1877, did steal, take, and carry away a certain gelding, branded "P" on the left shoulder, the property of some person to the grand jurors unknown, and not the property of the accused. The second count called the animal a "horse," but alleged the same time and description as in the first count.

*Farrar & Prendergast*, for the appellant.

*W. B. Dunham*, for the State.

WHITE J. A motion was made to arrest the judgment because it contained two counts, one for theft of a "gelding," and the other for theft of a "horse," and because no election was made by the prosecution (before verdict) of the count upon which the defendant was to be tried.

Both by precedent and authority the rule is now well settled "that it is permissible to charge in separate counts two or more offenses in the same indictment." 1 Bishop's Cr. Proc., ch. 32; 1 Archb. Cr. Proc., sec. 39. And Mr. Wharton says it cannot be objected in error that two or more offenses of the same nature, on which the same or a similar judgment may be given, are contained in different counts in the same indictment; nor can such objection

be maintained either on demurrer or arrest.   1 Whart. Cr. Law, sec. 415.

And again: "In cases of felony, when two or more distinct offenses are contained in the same indictment, it may be quashed, or the prosecutor compelled to elect on which charge he will proceed; but such election will not be required to be made where several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offense."   1 Whart. Cr. Law, sec. 416.   *Weathersby* v. *The State*, 1 Texas Ct. App. 643; *Dill* v. *The State*, 1 Texas Ct. App. 278; *Waddell* v. *The State*, 1 Texas Ct. App. 720.

As to the time when an election should be made, the authorities are not agreed.   Our Supreme Court, in *Lunn* v. *The State*, 44 Texas, 85, says: "The prosecuting officer should not be required to make the election before he has examined the witnesses far enough to identify the transactions to which the testimony relates, without going into details.   When this has been done, the election should then, as a general rule, be made before defendant offers his evidence."   That case, however, was essentially different from the one we are considering, in this respect: that not only were two distinct offenses charged in the indictment, but it was further shown that the hogs were not all stolen on one occasion, but at different times.   The necessity for an election in such a case is too apparent for comment.

In *Coney* v. *The State* it was held by the court that the proper time to except to an indictment, on account of duplicity, is before verdict.   2 Texas Ct. App. 62.   In the case at bar, as in *Weathersby* v. *The State, supra,* the charge of the court limited the finding of the jury to but one of the counts in the indictment, viz., theft of a gelding, and this, we take it, was tantamount to an election on the part of the State.   The verdict was: "We, the jury,

find the defendant guilty, and assess his punishment at five years. confinement in the penitentiary.'' This verdict did not find upon which count the defendant was guilty, it is true, but when referred to the charge of the court, we find it responsive thereto ; and, the punishment for the offenses charged in either count being the same, we cannot perceive why it is not sufficiently certain to support the judgment for either one.

In *The United States* v. *The Pirates*, 5 Wheat. 184, it was held '' that each count in an indictment is a substantive charge, and if the finding of the jury conform to any one of the counts which in itself will support the verdict, it will be sufficient, and judgment may be given thereon.'' And so, in Missouri, it was held that '' where there were several counts in an indictment, a general verdict may be found, but the penalty inflicted must not exceed that which may be given on a good one.'' *The State* v. *Bean*, 21 Mo. 269. And there is no rule which seems to be better settled than that one good count in an indictment, though all the others are bad, will sustain a verdict of guilty. See 13 U. S. Dig., 1st series, title '' Trial,'' 7, p. 536, § 7421, and authorities cited.

But, as stated above, there can be no uncertainty in the verdict rendered in this case ; the charge of the court instructed the jury that the defendant was being tried for the theft of a gelding, and the verdict is responsive to that charge, and the punishment affixed does not exceed that which is imposed by law for the offense as charged in either of the counts. The verdict and judgment were equivalent to an acquittal of the charge contained in the other count, of theft of a horse branded '' P '' upon the left shoulder, and can be successfully pleaded in bar to any subsequent prosecution for that offense as alleged in the indictment. The better practice, beyond doubt, would have been to have entered a *nolle prosequi* upon the count not intended to

be relied upon, or to have made the election in behalf of the State after the evidence had been elicited, and before submitting the case to the jury.

The charge of the court presented the law, and the evidence is sufficient to support the verdict. No error being apparent, the judgment is affirmed.

*Affirmed.*