[No. 1587.]

## DREW HALL *v.* THE STATE.

1. THEFT—PRACTICE—EVIDENCE.—Information charging the theft of a hog alleged the value of the animal to be five dollars.    The State failed to prove any value whatever.    *Held* fatal to the conviction.
2. SAME—VENUE.—Proof of the venue of the offense is absolutely essential to the validity of a conviction.

APPEAL from the County Court of Hopkins.    Tried below before the Hon. J. K. Milam, County Judge.

The information was filed September 29, 1882, and charged the appellant with the theft of a hog, of the value of five dollars, the property of Alf. Hall.    The venue was laid in Hopkins county, and the offense was alleged to have been committed on

the thirteenth day of September, 1882.    The appellant was convicted, and the jury affixed his punishment at a fine of fifty dollars, and confinement in the county jail for five days.

The opinion discloses the grounds of the reversal of the judgment.

*King & Foster*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE.—Drew Hall was charged with the theft of a hog of the value of five dollars.    Upon the trial the State failed to prove that the hog was of any value.

In this character of cases the value must be alleged and *proved*.    (Art. 725, Penal Code; 44 Texas, 85; *Radford* v. *The State*, 35 Texas, 15; *Cady* v. *The State*, 4 Texas Ct. App.; 238.)

. There is no proof of venue in this case.    This is fatal.    For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*