THE STATE OF MISSOURI, Respondent, v. HENRY HAYCROFT, Appellant.

### Kansas City Court of Appeals, April 25, 1892.

1. **Criminal Procedure:** TWO COUNTS: GENERAL VERDICT. In the justice's court the information contained two counts, and there was a general verdict of guilty. On appeal in the circuit court there was a trial on the first count only and a verdict of guilty. It was contended that, since the verdict in the justice's court was silent as to which count the finding was on, it amounted to an acquittal on one count, and as the counts were for the same offense it amounted to an acquittal on both. *Held*, the contention was not allowable.

2. ————: ARRAIGNMENT. In misdemeanors there should be an arraignment; but, if made and entered in the justice's court, there need be none in the circuit court.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Geo. Robertson*, for appellant.

(1) In the first count the defendant was charged with disturbing the peace of a family; in the second

count, with disturbing the peace of individuals, who composed the family, naming them. The offense charged in each count was identical. The silence of the jury in the justice's court on either count is an implied acquittal of the defendant on the other. *State v. Smith*, 53 Mo. 139; *State v. Ball*, 27 Mo. 324; *Guenther v. People*, 26 N. Y. 100; *State v. Beldin*, 33 Wis. 120. It is impossible to say on which count he was convicted in the justice's court, so it is impossible to say upon which he was acquitted. When the state put him to trial upon the first count of the information, it may have put him to trial upon the one on which he stood acquitted. One thing may be confidently asserted, and that is, that he was in jeopardy before the justice upon the charge for which he was tried in the circuit court. Now, suppose the jury had brought in a verdict, or rather verdicts, one finding defendant guilty, the other acquitting him—for a finding of guilty on one count and silence on the other is equivalent to these two contradictory verdicts—could he not successfully have said that he had once been in jeopardy on the same charge to another prosecution? Is it not equivalent to the discharge of a jury after it is sworn, to try the cause, and the trial commenced before them? In that case there is no doubt but such a discharge of the jury operates as an acquittal, Cooley's Constitutional Limitations, 325, *et seq*. The general rule is that one trial and verdict protect the defendant against any subsequent accusation, whether the court be satisfied with the verdict or not, and whether it be for or against him. *State v. Martin*, 30 Wis. 219. (2) In the whole record there does not appear to have been any arraignment and plea of the defendant in the circuit court. There appears in the bill of exceptions only the following: "The state proceeded with the trial [the defendant having pleaded not guilty to the charge], and

presented to the jury only the first count," etc.    These words in brackets were inserted by the prosecuting attorney after the bill had been submitted to him for examination.    There is no plea of "not guilty" upon the record.    The arraignment and plea must be shown in the record proper.    The bill of exceptions is no part of the record.    *Johnson v. Hodges*, 65 Mo. 589; *State v. Barrett*, 63 Mo. 300; *State v. Cheek*, 63 Mo. 364.    The plea must be entered upon the record before there can be an issue for trial.    *State v. Saunders*, 53 Mo. 234; *State v. Barnes*, 59 Mo. 154; *State v. Andrews*, 27 Mo. 264.    In the circuit court the case is tried anew, and the plea should there be entered.    *State v. West*, 84 Mo. 440.

*F. R. Jesse*, for respondent.

(1)    The two counts in the information being " different statements of the same cause of action," a general verdict is good, and the verdict of the jury in the justice's court finding defendant guilty as charged was proper, and did not operate as an acquittal of the defendant on either count.    *State v. Bean*, 21 Mo. 269; *State v. Pitts*, 58 Mo. 556; *State v. Bedell*, 35 Mo. App. 551.    (2)    The record shows that the defendant was arraigned in the justice's court, and pleaded "not guilty," which was sufficient.

ELLISON, J.—Defendant was convicted of a misdemeanor before a justice of the peace under section 3784, Revised Statutes, 1889.    He appealed to the circuit court where he was again convicted, and he comes here for a review of the case.    The information is in two counts, but it is conceded that they are for the same offense.    Defendant's conviction in the justice's court was general, without mentioning either count.    In the circuit court, the record shows that he was proceeded

against on the first count. He endeavored to abate the cause in the circuit court, upon the idea as we gather it from the brief, that since the verdict of the jury in the justice's court was general, and was silent as to the count upon which he was found guilty, it amounted to an acquittal on one count, and, as the counts were conceded to be for the same offense, it amounted to an acquittal on both counts. This contention cannot be allowed. When there is but one offense charged in separate counts, a general verdict is sufficient, and defendant's suggestions have no application to such a case. He was tried and convicted before the justice for only one offense, and before the circuit court, on appeal, for the same offense, and where anything occurred to abate the cause in the circuit court we are not able to discover.

II. It is next urged that the conviction is void for the reason that defendant was not arraigned in the circuit court. In misdemeanors there should be an arraignment. *State v. Geiger*, 45 Mo. App. 111. But if such arraignment is made and entered in the justice's court there need not be a rearraignment in the circuit court on appeal.

The judgment is affirmed. All concur.