STATE OF MISSOURI, Respondent, v. O'KELLEY et al., Appellants.

St. Louis Court of Appeals, December 11, 1906.

1. PRACTICE IN CRIMINAL CASES: Information: Affidavit: Justice of the Peace. An information filed by the prosecuting attorney before a justice of the peace is sufficient to sustain a conviction, though not accompanied by the affidavit of himself or any other person; the rule requiring an information to be verified when filed in the circuit court does not apply in a proceeding before a justice of the peace, under section 2750, Revised Statutes of 1899.

State v. O'Kelley et al.

2. ————: Remarks of Court: Timely Exception: Bill of Excep๚ tions. Exceptions to remarks of the court during the progress of the trial in a criminal case can not be reviewed unless incorporated in the bill of exceptions; they can not be brought before the Appellate Court for review by affidavits of bystanders.

3. ————: Evidence: Reputation. In a prosecution for selling liquor without a license, where the defendants put their reputation in issue as law abiding citizens, it was permissible on cross examinations of the character witnesses to show the defendants had pleaded guilty in the United States District Court for selling liquor without a government license, where the issue was whether the liquor sold was intoxicating liquor.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

*Howard Ragsdale* and *Charles F. Newman* for appellants.

Defendant's motion to quash should have been sustained. State v. Whitaker, 75 Mo. App. 184; State v. Hatfield, 40 Mo. App. 358; State v. Humble, 34 Mo. App. 343; State v. Wilkson, 36 Mo. App. 373; State v. Harris, 30 Mo. App. 82; State v. Sartin, 66 Mo. App. 626; State v. Feagan, 70 Mo. App. 406; State v. Ransberger, 42 Mo. App. 466, 474; State v. Ransberger, 106 Mo. 138; R. S. 1899, sec. 2749.

(2) The court should have sustained the objection of defendants to the question answered by witnesses, Baker and Poindexter, with reference to defendants having plead guilty to selling Weneda in the Federal court at Joplin, and the error was not cured (as attempted by the court in this case) by the giving of instructions withdrawing such testimony from the consideration of the jury. State v. Fredricks, 85 Mo. 145; State v. Huchner, 83 Mo. 193; State v. Thomas, 99 Mo. 235; State v. Hopper, 71 Mo. 425; State v. Mix, 15 Mo. 153; State v. Woolf, 15 Mo. 168; State v. Schnieder, 35 Mo. 533; State v. Marshall, 26 Mo. 400.

*R. H. Davis* for plaintiff.

Appellants seriously contend that the court committed error in permitting the following questions to be asked Witness Baker, on cross examination. Defendants put their character as law-abiding citizens in issue by the testimony of these witnesses, and it was proper for the purpose of determining their credibility and the source of their information upon which the knowledge of defendants' character was obtained. State v. Crow, 107 Mo. 347; State v. M'Laughlin, 149 Mo. 33; State v. Parker, 172 Mo. 191; State v. Boyd, 178 Mo. 2; State v. Thornhill, 174 Mo. 370; State v. Brown, 181 Mo. 213.

BLAND, P. J.—The information (omitting caption) is as follows:

"Harvey Davis, prosecuting attorney in and for Lawrence county, state of Missouri, under his oath of office, informs the justice, L. F. Selvey, that one William Grace and one John O'Kelley, in the said county of Lawrence, State of Missouri, on or about the 12th day of August, 1904, unlawfully did sell and dispose of intoxicating liquors in less quantities than three gallons, to-wit: one quart of lager beer, without then and there taking out or having a license as a dramshop keeper or any other legal authority to sell and dispose of the same, against the peace and dignity of the state.

"HARVEY DAVIS,
"Prosecuting Attorney."

The cause was appealed from a justice's court, where commenced, to the circuit court of Lawrence county, where on a trial *de novo* defendants were convicted and adjudged to pay a fine, from which judgment they appealed, after taking the usual steps to preserve their exceptions. In the circuit court, defendants moved to quash the information for the following reasons:

"First, that said information does not show upon

its face that it was made upon the knowledge, informa-
tion or belief of the prosecuting attorney of Lawrence
county, State of Missouri.

"Second, that said information does not show upon
its face that it is founded upon the complaint of any per-
son, verified by affidavit and competent as a witness."

1.   Defendants have filed no abstract or brief, but
the record shows they saved an exception to the ruling
of the court in overruling their motion.

In State v. Fletchall, 31 Mo. App. 296; State v.
Ransberger, 42 Mo. App. 466; State v. McCarver, 47 Mo.
App. 650; State v. Sweeney, 56 Mo. App. 409; State v.
O'Connor, 58 Mo. App. 457, and State v. Maupin, 71 Mo.
App. 54, it was ruled that an information filed by the
prosecuting attorney before a justice of the peace is
good, though not accompanied by the affidavit of him-
self or any other person.   These rulings are not in con-
flict with State v. Bonner, 178 Mo. 424, 77 S. W. 463,
State v. McGee and McGraw, 181 Mo. 312, 80 S. W. 899,
and a number of decisions by the Courts of Appeals,
holding that an information, filed by a circuit attorney
in the circuit court, must be verified as the statutes
(sections 2477, 2478, R. S. 1899) require, that is, by the
oath of the prosecuting attorney, or the oath of some
person competent to testify, or must be based upon the
affidavit of some person, filed with the clerk of the court
having jurisdiction of the offense for the use of the
prosecuting attorney, or be deposited with him.   The
statute, in regard to filing such informations before a
justice of the peace (sec. 2750, R. S. 1899) only requires
that the information shall be made by the prosecuting
attorney of the county in which the offense may be prose-
cuted under his oath of office.   No verification is requir-
ed.   This dissimilarity in the statutes regulating the
proceedings in justices' and circuit courts account for
the apparent variance in the rulings of the courts in re-
gard to the verification of informations charging crimi-

nal offenses.   The motion to quash was properly over-
ruled.   .   .

2.   The evidence shows that the beverage sold was
put up in quart bottles branded "Weneda," the bottles
corked and sealed with a cap, and the cap branded
"Springfield Brewing Company."   The evidence for the
State tends to show that the beverage "smelled like beer,
tasted like beer" and, in the opinion of the witness, was
a poor quality of beer.

August Deitrick, a witness for defendants, testified
that he was president of the Springfield Brewing Com-
pany; that the Company put up "Weneda," and it was
not a beer of any kind, was not a fermented or vinous
liquor, that it could be made in three days, whereas it
required three months to make lager beer; that it was
not an intoxicant, was put up like soda water and con-
tained only about one-tenth alcohol; that the Brewing
Company paid the same government tax on "Weneda"
that it paid on lager beer; that "Weneda" was put up
specially to sell to the Indians in the Indian Territory;
that after selling some in the Territory the Brewing
Company was ordered by government officers not to sell
it there.

Other witnesses for the defendants, testified that
they had drank "Weneda"; that it did not taste like beer,
was not intoxicating and, in their opinion, was not beer.

Over the objection of defendants, the court permit-
ted L. H. Baker and J. R. Poindexter, witnesses, to
testify on cross-examination, that they had heard that
the defendants pleaded guilty, in the United States Dis-
trict Court at Joplin, Missouri, to selling "Weneda"
without government license.   Poindexter testified that
he was told the reason defendants pleaded guilty was be-
cause it was cheaper to pay a fine than to hire lawyers to
defend the case.   This evidence was withdrawn from
the jury, not at the time it was given, but by a special
instruction after the close of all the evidence.

In defendants' motion for new trial the following grounds were assigned:

"3.   Because the jurors were allowed to separate from each other while deliberating upon a verdict, the facts being as follows: the jury after deliberating for more than an hour in the jury room were recalled by the court and allowed to separate for the night without first being admonished by the court that it was their duty not to converse among themselves nor suffer others to converse with them or in their hearing on any subject connected with the trial, to which defendants excepted.

"4.   The court erred in stating to counsel in the presence of the jury and in their hearing that instruction 8 was not the court's instruction but was the instruction of defendants' attorney and written with pen and ink in their own handwriting, and in further stating during a controversy between attorneys for the State and attorneys for defendants in the presence of and hearing of the jury as to whether the word 'liquor,' as used in said instructions meant intoxicating, that 'if you did not mean it that way you should not have written it that way,' thus leaving the impression with the jury that the word 'liquor' as used in said instructions meant in fact intoxicating liquor."

An affidavit signed by three or four bystanders, in support of these grounds was filed and accompanies the bill of exceptions.

The remarks attributed to the court during the course of the trial are not set out in the bill of exceptions, nor does the bill show that any exceptions were saved to the remarks, if made.   There is nothing in the bill of exceptions to show that the court neglected or failed to admonish the jury as required by section 2628, R. S. 1899.   Instead of incorporating these transactions in the bill of exceptions, defendants have undertaken to bring them before the court for review on affidavits of bystanders.   That this cannot be done is well settled in

this State.   Matters of exception cannot be made part of the record by a motion for new trial and affidavits filed in support thereof.   [State v. Reed, 154 Mo. 1. c. 126, 55 S. W. 278, and cases cited; Ryans v. Hospes, 167 Mo. 1. c. 363, 67 S. W. 285; State v. Smith, 114 Mo. 406, 21 S. W. 827; State v. Foster, 115 Mo. 448, 22 S. W. 468; James v. Kansas City, 85 Mo. App. 20.]   Defendants put their reputations as law-abiding citizens in issue by introducing evidence tending to show their good reputation.   It was permissible, therefore, on cross-examination, for Baker and Poindexter to testify to the pleas of guilty entered by defendants in the United States District Court, as this evidence tended to rebut the evidence of defendants' good character as law-abiding citizens.

No reversible error appearing, the judgment is affirmed.

All concur.