THE STATE OF MISSOURI, Respondent, v. JOHN ROY SIMPSON et al., Appellants.

Kansas City Court of Appeals, June 24, 1907.

1. CRIMINAL PROCEDURE: Disturbance of the Peace: Information: Different Counts. An information in a justice's court charged the disturbance of the peace of a neighborhood. An amended information had a second count charging disturbance of the peace of certain persons named. *Held*, both counts dealt with the same transaction, were founded on the same section of the statute, called for the same punishment and were framed to meet different phases of proof, and the amendment was permissible.

2. ———: ———: ———: ———: General Verdict. In the justice's court there was a general verdict on the trial. *Held*, the objection that the circuit court on appeal could not know on which charge they should be called to stand trial, is invalid, since when there is but one offense charged in separate counts a general verdict is sufficient.

3. ———: Justices' Courts: Information: Verification. An information presented to the justice of the peace is not required to be verified by the oath of a prosecuting officer.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Wilson & Clapp* for appellants.

(1) An information cannot be amended so as to charge a different offense from that charged in the original information. State v. Jenkins, 92 Mo. App. 439; State v. Emberton, 45 Mo. App. 56. (2) The disturbance of the peace of a neighborhood, and the disturbance of the peace of an individual, are separate and distinct offenses. R. S. 1899, sec. 2159; State v. Hughes, 82 Mo. 86. (3) To disturb the peace of the vicinity of a neighborhood is not an offense known to the law. R. S. 1899, sec. 2159. (4) There was no evidence offered on the trial showing the disturbance of the peace of a

neighborhood or the vicinity of a neighborhood. State v. Hughes, 82 Mo. 86. (5) The statutes in relation to disturbing the peace are to be strictly construed. State v. Jones, 53 Mo. 486; State v. Schieneman, 64 Mo. 386. (6) The amended information is not properly verified. R. S. 1899, secs. 2749, 2750. (7) A general finding on several counts charging separate and distinct offenses is bad. State v. Bedell, 35 Mo. App. 551; State v. Jackson, 72 Mo. App. 60; State v. Pierce, 136 Mo. 34.

*E. F. Nelson,* Prosecuting Attorney, and *J. P. Painter* for respondent.

'(1) The rule that an information cannot be amended so as to charge a different offense, does not apply to cases where the transaction covered by the amended information is the same as those charged in the original information. State v. Haycraft, 49 Mo. App. 488; State v. Pitts, 58 Mo. 556; State v. Bean, 21 Mo. 269; State v. Sutton, 64 Mo. 107; State v. Gilmore, 110 Mo. 1. (2) Where the charge of disturbing the peace of a neighborhood and the charge of disturbing the peace of individuals both relate to the same acts and transactions of a defendant, then such offenses are not separate and distinct so as to come within the rule that an information cannot be amended so as to charge an offense distinct and separate from that charged in the original information. State v. Haycroft, 49 Mo. App. 488. (3) The offenses charged in the original information and the second count of the amended information are not distinct and separate. State v. Haycroft, 49 Mo. App. 488. (4) The language in the case of State v. Hughes, 82 Mo. 86, is to be understood in the light of the point involved, and that is that the evidence which will sustain a charge of disturbing individuals may not (and would not in the Hughes case) sustain a charge of disturbing a neighborhood. (5) Where there are two counts in an information, but both relate

to the same transaction and are framed differently (even when framed on different sections of the statute) to meet the exigencies of the trial, a general verdict is proper. State v. Haycroft, 49 Mo. App. 488; State v. Pitts, 58 Mo. 556; State v. Bean, 21 Mo. 269; State v. Bedell, 35 Mo. App. 551; State v. Jackson, 64 Mo. 107; State v. Gilmore, 110 Mo. 1; State v. Sutton, 64 Mo. 107. (6) It is not necessary that the prosecuting attorney should verify an information presented to a justice of the peace. State v. Ransberger, 42 Mo. App. 466, 472; State v. Ransberger, 106 Mo. 135, 145; State v. Pruett, 61 Mo. App. 159; State v. O'Kelley, 98 S. W. 804.

JOHNSON, J.—The prosecuting attorney of Sullivan county filed an information charging the defendants (five in number) with disturbing the peace of a neighborhood. Afterward, an amended information was filed which contains two counts. The charge in the first is substantially the same as that made in the original information. In the second, defendants are charged with disturbing the peace of certain designated persons. A severance of the parties defendant was granted, and each trial resulted in the return of a general verdict of guilty.

All of the defendants appealed to the circuit court where, by appropriate motions, they raised the questions of law we now are called on to decide. The motions were overruled. The State then dismissed the first count and the cases were consolidated and tried as one. Defendants were convicted on the second count and, after unsuccessfully moving for a new trial and to arrest the judgment, appealed to this court.

First, it is argued by defendants that to disturb the peace of a neighborhood is by statute made a separate and distinct offense from that of disturbing the peace of individuals (section 2159, Revised Statutes 1899) and, therefore, that the State should not have been

permitted to amend the original information by adding thereto the charge stated in the second count of the amendment.  We must rule this point against defendants.  Both counts deal with the same transaction — the same criminal matter — are founded on the same section of the statute, call for the same punishment, and were framed to meet different phases of proof that might develop at the trial.  Under these circumstances, the amendment was permissible.  [State v. Haycroft, 49 Mo. App. 488; State v. Pitts, 58 Mo. 556; State v. Bean, 21 Mo. 269; State v. Sutton, 64 Mo. 107; State v. Gilmore, 110 Mo. 1.]

Further objection is made that as the verdict in the justice court did not specify the count on which defendants were found guilty, the presumption must be indulged that they were acquitted on one of the counts, and as the circuit court could not know on which charge they should be called to stand trial, the prosecution must fail.  This contention was squarely answered in State v. Haycroft, supra, where we held that "when there is but one offense charged in separate counts, a general verdict is sufficient."

Finally, the amended information is challenged on the ground that it was not verified by the oath of the prosecuting attorney.  It has been held repeatedly that an information presented to a justice of the peace is not required to be thus verified.  [State v. Ransberger, 42 Mo. App. 466; State v. Ransberger, 106 Mo. 135; State v. Pruette, 61 Mo. App. 156; State v. O'Kelley, 121 Mo. App. 178, 98 S. W. 804.]

The judgment is affirmed.  All concur.