STATE OF MISSOURI, Respondent, v. MICHAEL FLETCHALL, Appellant.

Kansas City Court of Appeals, May 23, 1888.

1. CRIMINAL LAW—PROSECUTION BY INFORMATION—LEGISLATION CONCERNING PRIOR TO AND SINCE 1885.—Prior to the legislation of 1885 (Laws of Mo., 1885, p. 145), it was held that prosecutions by information must be upon the information of the prosecuting attorney, and not at the relation of any private person; and it was further held that the term "information," as employed in the constitution, was used in its common-law sense and import. But the legislature of 1885 amended the statute of 1879 by entirely striking out sections 2025, 2026, 2028, and 2054, of chapter twenty-four, article twenty-three, Revised Statutes, and, in lieu thereof, authorized prosecutions before justices of the peace for misdemeanors by information (providing what it shall set forth) made by the prosecuting attorney, whenever he has knowledge of the commission of any such offence, or shall be informed thereof by complaint lodged with him, etc. But there is nothing in this statute which requires the prosecuting attorney to either set out in the information the sources of his knowledge or to support it by his affidavit.

2. —— —— —— REQUIREMENT AS TO MAKING, "UNDER OATH OF OFFICE."—The requirement of the statute (Laws of Mo., 1885, *supra*) authorizing the prosecuting attorney to make such informations "under his oath of office" was superfluous, as such officer, while acting in his official capacity, in all prosecutions, is supposed by the law to be acting under his oath of office.

3. PRACTICE—ERROR NOT SET UP IN MOTION FOR NEW TRIAL.—Where the error assigned in this court by appellant is the action of the trial court in denying his application for a continuance, it will not be considered when the error assigned was not set up in his motion for new trial.

APPEAL from Worth Circuit Court, HON. CHAS. H. S. GOODMAN, Judge.

*Affirmed.*

The case is stated in the opinion.

KELSO & SCHOOLER, McCULLOUGH & PERRY, and JESSE BENSON, for the appellant.

I. The information is invalid and void, because it is not accompanied by, or based upon, a complaint, as required by law. The prosecuting attorney has no right to file an information unless a complaint shall have been first filed with the justice or deposited with him. Laws of Mo., 1885, p. 145, secs. 2025, 2026. If the prosecuting attorney has personal knowledge of the facts, then he should either file a complaint or verify the information under oath. The mere fact that the information is made "under his oath of office" is not enough; every official act of such officer is done under his oath of office.

II. If sections 2025 and 2026, above referred to, should be construed to authorize the issuance of a warrant for the arrest of a citizen without a complaint supported by oath or affirmation, then they would be clearly repugnant to section eleven, of article two, of the state constitution. The official oath of a public officer is not the oath required by said section of the constitution; that provision evidently refers to an oath or

affirmation as to the truth of the facts stated in the complaint. The courts will not, therefore, put such construction on said new sections 2025, 2026, as to render them obnoxious to the provisions of the constitution referred to. But even if the prosecuting attorney may file an information on his own personal knowledge, and not based upon a complaint, then assuredly there should be something on the face of the information, or by way of verification to it, to indicate that it is made on the personal knowledge of the officer. The mere statement that he makes it under his oath of office is not sufficient, for, as we have seen, all informations are required to be so made. The information is, therefore, void, and the motions to quash and in arrest should have been sustained. *State v. Shaw,* 26 Mo. App. 383 ; *State v. Hayward,* 83 Mo. 299. In Texas, under a similar constitutional provision and a similar statute, it has been held that a sworn complaint was a necessary prerequisite to a valid information. *Davis v. State,* 2 Tex. App. 184 ; *Thornberry v. State,* 3 Tex. App. 36 ; *Turner v. State,* 3 Tex. App. 551 ; *Hoerr v. State,* 4 Tex. App. 75 ; *Johnson v. State,* 4 Tex. App. 594 ; *Casey v. State,* 5 Tex. App. 462 ; *Williamson v. State,* 5 Tex. App. 485 ; *Swink v. State,* 7 Tex. App. 74 ; *Lanham v. State,* 9 Tex. App. 232 ; *Scott v. State,* 9 Tex. App. 434 ; *Smith v. State,* 9 Tex. App. 475 ; *Rose v. State,* 19 Tex. App. 470. We especially call the attention of the court to the case of *Thornberry v. State,* 3 Tex. App. 36, above cited, which we think is decisive of this case.

III. The court also erred in overruling defendant's application for a continuance, on the prosecuting attorney's agreement to admit that the absent witnesses would testify as therein stated. By making this admission, and thus forcing the defendant to trial without his witnesses, the state waived any informality in the application ; and the court in effect ruled the application sufficient, by requiring the state to admit the facts therein stated before overruling the same. In this there was certainly reversible error, as ruled in recent decisions of

the Supreme Court. *State v. Berkley*, 92 Mo. 41; *State v. Neider*, 6 S. W. Rep. 709. For the errors complained of, we ask 'that the judgment be reversed and the defendant be discharged.

No brief for the respondent.

Philips, P. J.—The defendant was prosecuted and convicted, on information filed by the prosecuting attorney of Worth county, before a justice of the peace, for exhibiting a certain deadly weapon, to-wit, a pistol, in the presence of one or more persons, in a rude, angry, and threatening manner, etc.

The principal reason assigned by the appellant for reversing the judgment of conviction below is the alleged invalidity of the information. His objection is: (1) because the information is not verified by the affidavit of any person who would be a competent witness to testify therein; and (2) because the information does not show that the prosecuting attorney had any personal knowledge of the facts alleged therein, and the same is not verified by his affidavit. It was held in *State v. Kelm*, 79 Mo. 515, that such prosecutions must be upon the information of the prosecuting attorney, and not at the relation of any private person. It was further held in that case that the term "information", as employed in the constitution, was used in its common-law sense and import. This is the supreme authority of the state, binding upon the courts and the legislature alike. This ruling has been repeatedly followed by the Supreme Court since.

The legislature in 1885 ( Laws of Mo., 1885, p. 145 ), in recognition of and in obedience to this construction of the Supreme Court, amended the statute of 1879, which was the subject of construction, by entirely striking out sections 2025, 2026, 2028, and 2054, of chapter twenty-four, article twenty-three, and in lieu thereof authorized prosecutions before justices of the peace for misdemeanors by information, "which shall' set forth

the offence in plain and concise language, with the name of, the person or persons charged therewith. * * * All such informations shall be made by the prosecuting attorney of the county in which the offence may be prosecuted, under his oath of office, and shall be filed with the justice," etc.

There is also another clause of this statute which requires the prosecuting attorney, whenever he has knowledge of the commission of any such offence, or shall be informed thereof by complaint lodged with him, etc., to file the information.

There is nothing in this statute which requires the prosecuting attorney to either set out in the information the sources of his knowledge, or to support it by his affidavit. There is nothing in the constitution making any such requirement, as it (sec. 12, art. 2) merely authorizes prosecutions to be made by indictment or information. And as already stated, the term "information" as thus employed in the constitution must be taken and understood in its common-law meaning and import. At common law, the crown officer was not required to make oath to the information lodged by him, nor to set out his source of information, nor to state that he had personal knowledge of the fact. He did not even have to obtain leave of the court to file the information. And while he usually did it at the prompting of some private person, the information did not make any mention of this fact. Bishop Crim. Proc., secs. 142, 143, 144. The form of such information at common law, as given by this author (sec. 146), contains no such requirement as is contended for by appellant.

The language of our statute (Laws of 1885, *supra*) authorizing the prosecuting attorney to make such informations "under his oath of office" was quite superfluous, as such officer, while acting in his official capacity in all prosecutions, is supposed by the law to be acting under his oath of office. The information filed by him in this case is quite formal, and employs the statutory requirement, "under his oath of office." The statute

itself, also, in stating what the information shall contain, simply requires that it "shall set forth the offence in plain and concise language, with the name of the person or persons charged therewith." So the information attacked is in conformity with the essential requirements both of the common law and the statute.

The rulings of the court of appeals of the state of Texas, based upon her constitution and statutes, cannot control here. Our own constitution, as interpreted by the Supreme Court of this state, must be our guide. It does not appear from the cases cited from that jurisdiction that Texas has the same provision in her constitution as that of section twelve, article two, of our state constitution. As held by our Supreme Court, the term information as employed here being the same as at common law, we must look to the common law for its meaning. In Texas the common law of England does not obtain, except in so far as she may adopt it by legislative enactment. *Flato v. Mulhall*, 72 Mo. 525. As by the express provision of our constitution (sec. 12, art. 2), in case of prosecution for misdemeanors, indictment and information are concurrent remedies, there is no more reason for saying that the proceeding by information according to the common-law form is not due process of law, than for saying an indictment is not such, because the warrant of arrest was not supported by oath or affidavit reduced to writing, as provided for in section eleven, article two, of our constitution. The very fact that the succeeding section (sec. 12) proceeds to deal with the subject of prosecutions by indictment and information, shows conclusively that in the minds of the framers of our organic law the provisions of section eleven referred to an entirely different and distinct subject-matter. The objection is overruled.

II. The other error assigned by the appellant is the action of the court in denying his application for a continuance. We are precluded from considering this objection, for the reason that defendant did not set up such error in his motion for new trial. *State v. Mann*,

83 Mo. 589 ; *State v. Ray*, 53 Mo. 345 ; *State v. Blau*, 69 Mo. 317 ; *State v. Burk*, 89 Mo. 635 ; *Hatcher v. Moore*, 51 Mo. 115 ; *McCoy v. Farmer*, 65 Mo. 244 ; *Griffin v. Regan*, 79 Mo. 73 ; *State ex rel. v. Burckhartt*, 83 Mo. 430.

The judgment of the circuit court is affirmed.   All concur.

