| 34 | 343 |
| 40 | 360 |
| 34 | 343 |
| 42 | 468 |
| 34 | 343 |
| 43 | 446 |
| 34 | 343 |
| 106m | 136 |
| 46 | 529 |
| 34 | 343 |
| 47 | 652 |

**MARCH TERM, 1889.**

STATE OF MISSOURI, Respondent, v. ALEX. HUMBLE, Appellant.

Kansas City Court of Appeals, March 4, 1889.

1. **Variance:** AS TO NAME IN INFORMATION AND IN LETTER SET OUT THEREIN. The law is that when a written instrument is introduced into a pleading in such way as to imply a recital, very slight discrepancies will be fatal, but where, in an information for sending a threatening letter, the person threatened is in the charging part of such information called Al. R. Miller, and in the letter itself set out therein, is called A. R. Miller, there is no variance, and if it were its determination is, under the statute, properly confided to the trial court.

( 343 )

2.  **Information** : WHEN PROSECUTING ATTORNEY CAN VERIFY, AND
    HOW.  Under the act of March 31, 1885, the prosecuting attorney
    can verify an information only, (1) when he has personal knowl-
    edge of the commission of the offense charged therein, and then
    under his official oath ; (2) upon his information and belief founded
    upon and derived from an affidavit made by a person who has
    knowledge that an offense has been committed, which must either
    accompany the information or be referred to therein, having been
    deposited with the attorney or filed with the justice ; and where,
    as in this case, the information is verified on the information and
    belief of the attorney and is not based upon his knowledge under
    his oath of office, nor upon the affidavit of any person who has
    knowledge that the offense charged had been committed, deposited
    with him or filed with the justice, the verification is insufficient
    and the filing of the information is unauthorized.

*Appeal from the Hickory Circuit Court.*—HON. W. I.
WALLACE, Judge.

REVERSED (*and defendant discharged*).

*C. L. Essex* and *Robinson, O' Grady & Harkless,*
for appellant.

(1)   The information does not charge any offense.
(2)   The variance between the name of Al. R. Miller,
mentioned in the information, and that of A. R. Miller
in the letter, is fatal, and proof of letter sent to A. R.
Miller will not sustain prosecution for sending to Al. R.
Miller.  They are not *idem sonas.  State v. Cham-
berlain,* 75 Mo. 382 ; *State v. Fay,* 65 Mo. 490 ; *State v.
Smith,* 31 Mo. 121 ; *State v. English,* 67 Mo. 136 ; *State
v. Curran,* 18 Mo. 320 ; *Robson v. Thomas,* 55 Mo. 581.
(3)   The offense is statutory and the information does
not properly conclude.  (4)  The information does not
charge that the letter was received by said Al. R.
Miller in Hickory county, or at all.   So far as the court
is informed Miller may have been a non-resident of the
state or have received it in some other county.   Hence

the venue is not properly laid. (5) The letter set forth in the information does not contain a "threat" within the meaning of that term or of Revised Statutes, section 1526. (6) The information is not properly or sufficiently verified. (7) The information shows upon its face that it was neither based upon the affidavit of "a person competent to testify against the accused" nor upon the "knowledge" of the prosecuting attorney. Sess. Acts of 1885, p. 145; *State v. Shaw*, 26 Mo. App. 383.

No brief for respondent.

SMITH, P. J.—The defendant was prosecuted and convicted, first before a justice of the peace, and subsequently before the circuit court of Hickory county upon the following information:

"State of Missouri, County of Hickory—ss.

"State of Missouri, ⎫ In Justice's Court before
    *vs.* ⎬ M. N. Neihardt, J. P. of Cedar
"Alex. Humble. ⎭ Township.

"Now comes A. W. Brownlee, prosecuting attorney within and for the county of Hickory in the state of Missouri, and makes and files his information in said justice's court that on or about the first day of July, 1887, at the said county of Hickory as aforesaid, one Alex. Humble did unlawfully, knowingly and maliciously send by mail a certain letter with his signature subscribed thereto, directed to the said Al. R. Miller and mailed at the Wheatland postoffice in said county of Hickory, threatening to kill the said Al. R. Miller, which said letter is as follows—that is to say—

"WHEATLAND, HICKORY CO., Mo., July 1, 1887.

"*A. R. Miller :*—There is an end to all things and by the Gods there must be an end to your heralding my wife's name before the public in a disrespectful manner.

I have now stood your lies just as long as I intend to. If you ever print a clipping, even from any paper, wherein my wife's name is used in a disgraceful or slanderous strain, I swear by the Great Jehovah that I will kill you dead, if I have to resort to murder most foul to do it. Now, you have it in black and white. You can. publish this letter if you think it healthy. One thing certain I will make my words good, and take my chances with the public.

"ALEX. HUMBLE."

"You can say what you d——n please about me, but you *shall not* abuse a woman who is as far above you or yours, in brains, as Horace Greeley was above me."     "And against the peace and dignity of the state.

"A. W. BROWNLEE, Pros. Att'y."

"State of Missouri, County of Hickory, ss:

"Comes now on the fifth day of July, 1887, A. W. Brownlee, Prosecuting Attorney in and for said Hickory county and makes oath that the matters contained in the said information are true from my best information and belief.

"A. W. BROWNLEE."

"Subscribed and sworn to this, July 5, 1887.

"N. N. NEIHARDT, J. P."

Defendant brings the case here by appeal and alleges as grounds therefor, (1) that the variance between the name of Al. R. Miller mentioned in the information and that of A. R. Miller in the letter therein set forth in *haec verba* is fatal, and (2) that the information shows upon its face that it was neither based upon the affida-vit of a person competent to testify against defendant nor upon the knowledge of the prosecuting attorney.

I.  As to the first point it may be remarked that the law is that when the matter of a written instrument is introduced into a pleading in such a way as to imply a

correct recital intended very slight descrepancies will be fatal.    2 Bish. Crim. Law, 797.

Generally it is not necessary for the pleader to set out an instrument in *haec verba* but only to set out the purport thereof, but if he does undertake this it must be done correctly.    *State v. Foy*, 65 Mo. 490.

The cases in this state, which we need not particularly refer to, are not in accord as to what constitutes a variance in a name.    We should not think that there was a variance between the name " A. R. Miller" and " Al. R. Miller."

This was a question whose determination was properly enough confided to the circuit court by the statute. Section 1820, Revised Statutes, provides that whenever on the trial of any felony or misdemeanor there shall appear to be a variance between the statement in the indictment or information and the evidence offered in proof thereof in the Christain name or surname, or both Christian name and surname, or other description whatsoever, or any person whomsoever therein named or described, such variance shall not be deemed grounds for an acquittal of the defendant *unless the court before which the trial was had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant.    State v. Smith*, 80 Mo. 520.

The defendant's first ground of appeal cannot, therefore, for these reasons, be sustained.

II.    As to the second ground of the defendant's appeal it may be observed that said information shows upon its face that it was not verified as required by the statute.    The act of March 31, 1885, ( Sess. Acts. 1885, p. 145,) repeals entirely sections 2025, 2026, 2028 and 2054, Revised Statutes, and enacts in lieu thereof four sections of like numbers, section 2025 provides that prosecutions before justices of the peace for misdemeanors

shall be by information  *  *  *  that when any person has knowledge that an offense has been committed that may be prosecuted by information he may make complaint verified by his affidavit, oath or affirmation, before any officer authorized to administer oaths setting forth the offense as provided by this section and file same with the justice of the peace having jurisdiction of the offense or deposit with the prosecuting attorney; that whenever the prosecuting attorney *has knowledge* of the commission of an offense cognizable by a justice of the peace of his county or *shall be informed thereof by complaint deposited with him as aforesaid,* it shall be his duty to file an information with the justice of the peace having jurisdiction of the offense based upon or accompanied with such complaint.  Section 2026 provides that all such informations shall be made by the prosecuting attorney of the county in which the offense may be prosecuted under his oath of office and shall be filed with the justice as soon as practicable and before the party or parties accused shall be put upon their trial or required to answer the charge for which they may be held in custody, provided that complaints may be filed with justices of the peace by a person competent to testify against the accused, subscribed, sworn to and filed with the justice of the peace and the accused arrested and held until the prosecuting attorney shall have time to file such complaint.

Section 2028 provides that upon the filing of the information with the justice of the peace by the prosecuting attorney or upon filing the complaint verified by the oath or affirmation of a person competent to testify against the accused such justice shall forthwith issue the warrant for the arrest of the defendant, etc.

It is manifest that these statutory provisions authorize the prosecuting attorney to file an information

based upon his *own knowledge* or upon the affidavit of a person having knowledge that an offense has been committed, made and deposited with him or filed with the justice of the peace.

These statutory provisions taken by themselves or in connection with other sections of article 14, Revised Statutes, nowhere countenance the idea that such an information can be based upon the bare *information and belief* of the prosecuting attorney, and unless that "*information and belief*" has for its foundation an affidavit made by a person who has knowledge that an offense has been committed, which must either accompany the information or be referred to therein, it is insufficient to authorize the filing of such criminal information by the prosecuting attorney.

It is manifest too from the very wording of the statute that what is meant by "his own knowledge" is the personal knowledge of the prosecuting attorney as contradistinguished from that knowledge which he may derive from the affidavit deposited with him or filed with the justice of the peace. We are aware that in *State v. Shaw*, 26 Mo. App. 385, it was stated that an information verified upon the "information and belief" of the prosecuting attorney would be a sufficient verification. We think that case, with the cases which follow it, decides nothing with which this conflicts.

It is likely that the judge who delivered the opinion in the case just cited had in his mind the provisions of section 1762 and the other sections of article 14, chapter 24, Revised Statutes, and the case of *State v. Hayward*, 83 Mo. 299. In the last named case the precise point now under consideration was not before the court. The information in that case was verified upon the information and belief of a private person and was filed before a justice of the peace, and was for that reason adjudged insufficient.

Besides the act of 1885 had not then been passed by the legislature. The sections contained in the said act of 1885 and the other sections of said article 23, Revised Statutes, provide in plain, explicit and unambiguous language the mode and manner by which prosecutions for misdemeanors shall be commenced and prosecuted before justices of the peace and we do not feel at liberty to interpolate therein words to widen their scope and meaning in order to uphold a prosecution and conviction resting upon an information that does not meet the requirements of the statute in respect to its verification.

The right of the prosecuting attorney to prefer charges against a citizen and put him upon trial without examination into the facts has always been zealously scrutinized by the courts. All statutes giving such powers should be construed with great strictness. *State v. Klein*, 79 Mo. 515 ; *State v. Hayward*, 83 Mo. 299.

The information in this case having been filed before a justice of the peace must be verified in conformity to the requirements of said act of March 31, 1885, in order to be sufficient. It is verified upon the information and belief of the prosecuting attorney and is not based upon his knowledge under his oath of office nor upon the affidavit of any other person who had knowledge that the offense charged had been committed, deposited with him or filed with the justice, and it is therefore insufficiently verified under the statutory provisions already referred to. *State v. Harris*, 30 Mo. App. 82; *State v. Ristig*, 30 Mo. App. 360 ; *State v. Kemple*, 27 Mo. App. 392.

For these reasons the judgment of the circuit court is reversed, and the defendant discharged. All concur.