THE STATE OF MISSOURI, Appellant, v. JOHN WILKSON, Respondent.

St. Louis Court of Appeals, May 14, 1889.

1. **Criminal Law: INFORMATION: DRUGGISTS.** The information filed before a justice of the peace for a violation of the law of 1885, governing druggists in the sale of intoxicating liquors, when not made on the oath of a person having personal knowledge of the commission of the offense, must be based on the personal knowledge of the prosecuting attorney.

2. **———.** An information based on the amendatory act of March 29, 1883, must state that the sale was of a quantity less than one gallon. Such informations must contain all the allegations necessary to be made in an indictment for the same offense.

The State v. Wilkson.

*Appeal from the St. Francois County Circuit Court.—*
HON. JAMES D. FOX, Judge.

AFFIRMED.

*Merrill Pipkin,* for the appellant.

The term "information" as used in the constitution of 1875 is to be understood in its common-law sense, *i. e.,* a criminal charge exhibited by the attorney general or other proper officer. *State v. Rockwell,* 18 Mo. App. 395; *State v. Sibecca,* 76 Mo. 55 ; *State v. Kelm,* 79 Mo. 515 ; *State v. Russell,* 88 Mo. 648; *Ex parte Thomas,* 10 Mo. App. 24 ; 1 Bish. Crim. Proc., secs. 604, 611. The requirement of the statute (Laws of 1885) authorizing the prosecuting attorney to make such information "under his oath of office" was superfluous, as such officer, while acting in his official capacity, in all prosecutions, is supposed by the law to be acting under his oath of office. *State v. Fletchall,* 31 Mo. App. 296; *State v. Sickle,* Brayton, 132.

BIGGS, J., delivered the opinion of the court.

The prosecuting attorney of the county filed an information against the defendant, before a justice of the peace, by which he sought to charge the defendant with a violation of the law governing druggists in the sale of intoxicating liquors. (Sess. Acts, 1885, p. 89.)

The defendant was tried and convicted before the justice, the jury assessing his fine at the sum of three hundred dollars. The defendant appealed to the circuit court, where the information upon which he was tried and convicted was held to be insufficient and he was discharged. The state has prosecuted its appeal from this judgment.

The information contains four counts, which are the same, except that different offenses are charged. The first count is as follows :

"State of Missouri   }   Before Isaac W. Barry,
      *vs.*           Justice of the Peace.
"John Wilkson.

"Now comes Merrill Pipkin, prosecuting attorney, within and for St. Francois county, and state of Missouri, on behalf of the state of Missouri, and upon his knowledge, information, and belief, gives Isaac W. Barry, justice of the peace, to understand and be informed that John Wilkson, on the twenty-fourth day of December, 1887, at and in the county of St. Francois and state of Missouri, unlawfully then and there did sell, give away, and barter, to a person to this prosecuting attorney unknown, intoxicating liquors, to-wit: whiskey, brandy, wine, orange wine, beer, lager beer, ale, gin, cider, and bitters, without being a regular druggist or pharmacist, furnishing the same on a written prescription, dated and signed, first had and obtained from some regular registered and practicing physician, against the peace and dignity of the state."

The defendant moved to quash the information: *First.* Because the information of the prosecuting attorney was not based on the affidavit of any person having knowledge of the alleged offense. *Second.* Because the information was not based on the *personal knowledge* of the prosecuting attorney. *Third.* Because the information was not made on the *oath of office* of the prosecuting attorney.

The statute authorizing this mode of procedure was enacted by the legislature on the thirty-first day of March, 1885. (Sess. Acts, pp. 145 and 146.) By this law, sections 2025, 2026, 2028 and 2054 of the Revised Statutes were repealed and the following substituted, to-wit (sec. 2025): "Prosecutions before justices of the peace for misdemeanors shall be by information, which shall set forth the offense in plain and concise language, with the name of the person or persons charged therewith; provided that if the name of any such person is unknown, such fact may be stated in the

information, and he may be charged under any fictitious name ; and when any person has *knowledge* that any offense has been committed that may be prosecuted by information, he may make complaint, verified by his oath or affirmation, before any officer authorized to administer oaths, setting forth the offense as provided by this section, and file the same with the justice of the peace having jurisdiction of the offense, or deposit it with the prosecuting attorney ; and whenever the prosecuting attorney *has knowledge* of the commission of an offense cognizable by a justice of the peace in his county, or *shall be informed* thereof, by complaint deposited with him as aforesaid, it shall be his *duty* to file an information with the justice having jurisdiction of the offense, based upon or accompanied by such complaint. Section 2026 : And such information shall be made by the prosecuting attorney of the county in which the offense may be prosecuted *under his oath* of office, and shall be filed with the justice," etc., etc. The italics are our own.

The questions, presented by this record, were passed on by the Kansas City court of appeals in the case of *State v. Fletchall*, 31 Mo. App. 297. We can not fully concur with Judge PHILLIPS, who delivered the opinion of the court, in his construction of this statute. If we understand the opinion, it was held : *First.* "That in a case where no complaint was made under the oath of a third person, the prosecuting attorney was not required to make oath to any information lodged by him ; that every official act of such an officer was presumed to be under the sanction of his official oath and that the portion of the statute, requiring an information to be sworn to by the prosecuting attorney, was mere surplusage. *Second.* That the statute did not require such informing officer to set out the source of his information. *Third.* And it did not require him to state that he had *personal knowledge* of the commission of the offense."

We are not inclined to differ with the Kansas City court of appeals on the first two propositions, but we can not yield our assent to the last.

We do not think that the legislature intended that the prosecuting attorney should make an affidavit to the truth of the statements made by him in each information, but a fair and reasonable construction of the language employed negatives any such construction. All of his official acts are presumed to have the sanction of his official oath. Nor do we find anything in the statute requiring the officer to state the source or extent of his knowledge on which the information is based. But we do think, that the letter and spirit of the law require such informations to be predicated on the personal knowledge of some one, either the prosecuting attorney, or the informer. The personal knowledge contemplated need not embrace the knowledge of all the facts necessary to establish the guilt of the person sought to be charged, in its entirety, but the person making the complaint, or the prosecuting attorney, ought to have some personal knowledge of some facts and circumstances pointing to the guilt of a defendant. The primary object of the statute "is to prevent and suppress crime, but at the same time not to subject persons to prosecutions without probable cause, and in order to prevent the latter, the legislature has required informations before justices of the peace, to be predicated on personal knowledge as distinguished from mere rumor.

The conclusions of Judge Phillips are based on the form and requirements of common-law informations. It is true as stated by him, and so decided in *State v. Kelm*, 79 Mo. 515, "that the term 'information,' as used in the Constitution of 1875 ( art. 2, sec. 12 ), meant an information in its common-law sense, *i. e.*, a criminal charge exhibited by the attorney general or prosecuting attorney, and that the mere affidavit of a private citizen

would not of itself support a criminal prosecution." But we do not think that the supreme court decided or intended to decide, that the constitution had not, or the legislature could not, throw around its exercise, by the proper officer, additional safeguards against the abuse of the process, not provided for or required by the common law.  Our statute authorizes and makes it the duty of the prosecuting attorney to file an information before a justice of the peace, either when he has *knowledge* of the commission of an offense, or whenever he is *informed thereof by complaint* duly verified by the oath of some person *having knowledge* that an offense has been committed.  The legislature evidently contemplated and intended to provide by this statute, that all informations by which citizens were charged with violations of law, and their personal liberty interfered with, should be predicated on the oath or affirmation of some one having *personal knowledge* of the commission of the offense, or upon the official oath of the prosecuting attorney, resulting from a *personal knowledge* by him of a violation of law.  The object, had in view, in requiring informations to be so verified, was to guard the citizen against groundless and vindictive prosecutions.  The fear of a prosecution for perjury would in most cases prevent prosecutions at the instance of third persons, for mere personal spite or revenge ; and if the authority of the prosecuting attorney to set on foot such proceedings was confined to his *personal* knowledge, the citizen would be comparatively safe from vexatious prosecutions. But if we so construe the statute as to authorize the prosecuting attorney to institute such proceedings on his *knowledge, information, and belief*, then such knowledge and information might have no better foundation then mere rumor or neighborhood talk ; and while this might lead to *belief* on the part of the officer, yet, in many cases, criminal prosecutions would be without probable cause, and in fact would be absolutely groundless.  In this way, the safeguards thrown around the

people, by the constitution (art. 2, sec. 11), and the statute, would be swept away. The statute will bear no other construction because it expressly provides that the *information*, that will justify the prosecuting attorney in commencing criminal proceedings, must be based on the sworn complaint of some person having personal knowledge. This particular question has been the subject of discussion and adjudication in some of the states.

In the case of *Washburn v. People*, 10 Mich. 372, the court held that the oath of the prosecuting attorney to an information based on his knowledge and belief was good. The Michigan statute authorized the prosecution of felonies in the circuit court by information. The court said that this verification was sufficient, "because the law requires the *offense* with which the defendant was charged to be *inquired* into by the *committing magistrate*, and that the defendant could not be committed unless there was *probable cause* of *his guilt*. That no such information could be filed unless there had been a *previous examination*."

In Kansas, there is a similar statute. The supreme court of Kansas in *State v. Montgomery*, 8 Kan. 354, in passing on the same question said : "A party accused has a right to a *preliminary examination* and a *finding of probable cause* before he can be placed upon his final trial. At such examination, he can be heard by counsel and witnesses."

In *People v. Smith*, 25 Mich. 497, the defendant was discharged because there had been no preliminary examination, and there was nothing to support the information filed by the prosecuting attorney.

In these causes, the oath of the informing officer based on knowledge, information, and belief, was held sufficient, because in a *previous preliminary examination the probable guilt* of the defendant had been determined.

So in case of *State v. Hobbs*, 39 Me. 212, the court held a verification of an information according to the

best of complainant's knowledge and belief, to be good, "because the statute required the magistrate to examine the complainant on oath to satisfy him whether an offense had been committed."

The constitution of the state of Pennsylvania is like that of Missouri, to-wit: "That no warrant shall be issued to seize any person without probable cause supported by oath or affirmation." In the case of *Conner v. Commonwealth*, 3 Binn. 38, the supreme court of Pennsylvania decided that an "information" filed by a judge of a court having authority, and based on mere information and rumor, was insufficient.

Texas has a similar constitutional provision, and a sworn complaint is there held to be a necessary prerequisite to a valid information. *Thornberry v. State*, 3 Tex. App. 36.

Our conclusion is that the statute of 1885, where no complaint is made under oath by a person having *personal knowledge* of the commission of the offense, requires the information to be based on the *personal knowledge* of the prosecuting attorney ; and that an information, as in the present case, which is predicated on the knowledge, information, and belief of the informing officer is insufficient. It follows that the action of the court in sustaining the defendant's motion to quash the information was right.

The information is bad for another reason. It is based on the amendment to the law governing the sale of intoxicating liquors by druggists, passed March 29, 1883. ( Sess. Acts, 1883, sec. 2, p. 90.) In order to constitute an offense under said section 2, there must have been a sale by the defendant in a less quantity than one gallon. The information fails to state this. An information must contain all the allegations in relation to the offense necessary in an indictment. *State v. Marshall*, 47 Mo. 378. Every indictment must show on its face that an offense has been committed. *State v.*

*Holden*, 48 Mo. 93. In such a case the indictment or information must allege a sale in less quantity than a gallon. *State v. Fanning*, 38 Mo. 409; *State v. McAdoo*, 80 Mo. 216. Our supreme court in case of *State v. Bennett*, not yet reported, said: "An information as well as an indictment must, in order to be valid, set forth the facts upon which its legal conclusion is based, and this for the threefold purpose of enabling the judge before whom the cause is tried to determine upon inspection of these facts whether an offense has been committed; to apprise the defendant of the nature and cause of the accusation against him, and lastly to afford him, after the trial is over, a good basis for the plea, " *autrefois acquit or autrefois convict.*"

The judgment is affirmed. All the judges concur.