STATE OF MISSOURI, Appellant, v. DAVID HATFIELD, Respondent.

St. Louis Court of Appeals, April 1, 1890.

Criminal Law: INFORMATIONS. An information must be based either upon the personal knowledge of the prosecuting attorney, or upon that of some private person, who lodges with the prosecuting attorney a complaint setting forth the facts, and verifies the same by his affidavit.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*William Clancy*, Prosecuting Attorney, for the appellant.

*G. R. Balthrope*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a criminal prosecution, commenced before a justice of the peace on the following information:

"STATE OF MISSOURI, } ss.
"County of Knox,

"Before THOMAS WELCH, a justice of the peace of Greensburg township, in said county.

"I, William Clancy, prosecuting attorney of Knox county, Missouri, on my oath of office do hereby make in writing this my *information:* That, on the fourth day of July, 1889, at a certain place of business at or near the town of Baring, in Knox county, aforesaid, one David Hatfield did then and there unlawfully sell intoxicating liquors in less quantity than one gallon, to-wit: One pint of whiskey, one pint of brandy, one pint of Japan bitters, one pint of gin, one pint of rum, one pint of wine, one pint of beer, without first taking out or having a license as a dramshop-keeper, or any other legal authority so to sell the said intoxicating liquors, and contrary to the statute in such cases made and provided, and against the peace and dignity of the state.                    WILLIAM CLANCY,
                    "Prosecuting Attorney."

An appeal was taken to the circuit court, and there the information was quashed. The state appeals to this court, and the prosecuting attorney begs us, in view of the conflict between the decisions of this court, hereafter cited, and the decision of the Kansas City Court of Appeals, in the case of *State v. Fletchall*, 31 Mo. App. 296, to settle the law on the subject of criminal informations before justices of the peace. We have settled it, as far as we can, to the effect that, since the act of 1885 (Laws, 1885, page 145), such an information must be based on the *personal knowledge* of *some one*, either on that of some private person lodging with the prosecuting attorney a complaint verified by affidavit

and setting forth the facts, or on an information filed by the prosecuting attorney on his own personal knowledge, without such complaint. *State v. Wilkson*, 36 Mo. App. 373. See, also, *State v. Harris*, 30 Mo. App. 82. Our decisions on this point are in distinct accord with the decisions of the Kansas City Court of Appeals in *State v. Humble*, 34 Mo. App. 343, which entirely overrules the decision of the same court in *State v. Fletchall, supra*, though without mentioning it.

Judgment affirmed. All the judges concur.