The State v. Graham.

---

THE STATE OF MISSOURI, Appellant, v. JOHN GRAHAM, Respondent.

Kansas City Court of Appeals, November 9, 1891.

Criminal Law : INFORMATION : VERIFICATION OF. An information in the criminal court of LaFayette county is sufficiently verified by the affidavit of the prosecuting attorney to his best information and belief.

*Appeal from the LaFayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED AND REMANDED.

*William Aull,* for appellant.

(1) The prosecuting officer is not required to have personal knowledge of the offense charged. *State v. Ransbarger,* 42 Mo. App. 466; *State v. Fletchall,* 31 Mo. App. 296; R. S. 1889, secs. 4057-9; R. S. 1879, secs. 1762-3. (2) The information of the common law is the information prescribed by the constitution and authorized by the legislature. R. S. 1889, *supra; State v. Kehn,* 79 Mo. 515; *State v. Briscoe,* 80 Mo. 643; *State v. Russell,* 88 Mo. 649; *State v. Fletchall, supra; Ex parte Slater,* 72 Mo. 102. (3) The power of the prosecuting officer remains as at common law. *State v. Ransbarger, supra;* Wharton's Crim. Law, 213; 1 Chitty, Crim. Law, 445-6; 4 Blackstone, 308-12; 1 Bishop Crim. Proc., secs. 143-146; *State v. Kehn,* 79 Mo. 515; *State v. Dover,* 9 N. H. 408; *Ex parte Slater,* 72 Mo. 102.

SMITH, P. J.—This was an information filed by the prosecuting attorney in the criminal court of LaFayette county, charging the defendant with the unlawful selling of intoxicating liquors in less quantities than one gallon without having a license as a dramshop keeper or any other legal authority so to do. The information contained two counts, to which was appended an affidavit of the prosecuting attorney, wherein it was stated that the facts "in the foregoing information are true according to his best information and belief." This information on the motion of the defendant was quashed in the court below, and judgment was rendered accordingly. The state is the appellant here. The information, according to the ruling made in the following

named cases, is bad : *State v. Humble*, 34 Mo. App. 343 ; *State v. Wilkson*, 36 Mo. App. 373 ; *State v. Hatfield*, 40 Mo. App. 358 ; *State v. Buck*, 43 Mo. App. 443. But according to that made in *State v. Ransbarger*, 42 Mo. App. 466, it is sufficient.

The last-named case was certified to the supreme court where it was decided that no constitutional question arose in the case, and that "the information in this case conforms to the requirement of the statutes." We may infer from this that the concurrent rulings made in the first four named cases were intended thereby to be overthrown. If we are correct in our inference it must follow that the judgment of the criminal court should be reversed, and the cause remanded for trial upon the information, which is accordingly ordered. All concur.