The State v. McCarver.

THE STATE OF MISSOURI, Appellant, v. OLIVER P. McCARVER, Respondent.

St. Louis Court of Appeals, February 2, 1892.

Criminal Law : INFORMATION.   A prosecuting attorney may file an information for an offense cognizable by a justice of the peace upon his information and belief, however acquired, and need not verify the same.

*Appeal from the Ste. Genevieve Circuit Court.*—HON. J. D. Fox, Judge

REVERSED AND REMANDED.

*Edward A. Rosier*, for appellant.

The information is sufficient. Sess. Acts, 1885, p. 145 ; *State v. Shaw*, 26 Mo. App. 383 ; *State v. Fletchall*, 31 Mo. App. 301 ; *State v. Ransberger*, 42 Mo. App. 466, and *State v. Ransberger*, 17 S. W. Rep. 290. The verification is ample. *State v. Downing*, 22 Mo. App. 504. And the oath to the information may be treated as surplusage. *State v. Zeppenfield*, 12 Mo. App. 574 ; *State v. Buck*, 43 Mo. App. 443. It is not necessary that the information should be sworn to by the prosecuting attorney. *State v. Fletchall*, *supra; State v. Wilkson*, 36 Mo. App. 373 ; *State v. Ransberger*, *supra*. Nor need it state that it is under his oath of office. *State v. Fletchall*, *supra ; State v. Ransberger*, *supra ; State v. Wilkson*, *supra*. Nor need he disclose the sources of his knowledge therein. *State v. Fletchall*, *supra ; State v. Wilkson*, *supra; State v. Ransberger*, *supra*. Nor that it was based upon or accompanied by affidavit. *State v. Ransberger*, *supra; State v. Kelm*, 79 Mo. 515 ; *State v. Briscoe*, 79 Mo. 643 ; *State v. Russell*, 88 Mo. 649. Nor is it necessary to

state that it is upon his knowledge. *State v. Rans-berger, supra.* The information and the affidavit are not repugnant nor inconsistent.

No brief filed for the respondent.

BIGGS, J.—The defendant was tried and convicted before a justice of the peace for an assault and battery. He appealed to the circuit court. The circuit court quashed the information, and the state has appealed. The sufficiency of the information is the only question in the case.

The information reads :

"Edward A. Rosier, prosecuting attorney for Ste. Genevieve county, Missouri, informs E. D. Carter, justice of the peace, as aforesaid, that, on the seventh (?) day of October, 1889, at and in said county of Ste. Genevieve and state of Missouri, one O. P. McCarver did then and there make an assault upon one Joel E. Bowling, and with a stick did beat and strike him, the said Bowling, against the peace and dignity of the state.

"EDWARD A. ROSIER,

"Prosecuting Attorney."

There was also an affidavit filed by the prosecuting witness as follows :

"STATE OF MISSOURI, }
"County of Ste. Genevieve. }

"On this fifth day of October, 1889, personally came before me a justice of the peace within and for said county, Joel E. Bowling, who being duly sworn upon his oath stated that one O. P. McCarver did, on the fifth day of October, 1889, in said county of Ste. Genevieve, unlawfully strike Joel E. Bowling with a stick of wood about two feet long, with intent to do great bodily injury.

"JOEL E. BOWLING.

"Subscribed and sworn to, this seventh day of October, 1889.                  "E. D. CARTER,

"Justice of the Peace."

A prosecuting attorney may lawfully exhibit an information before a justice of the peace, either when he has knowledge himself of the commission of an offense cognizable by a justice of the peace of his county, or upon the written complaint of some person having personal knowledge of the commission of such an offense. Such complaint must be verified. It was stated in the motion to quash that the affidavit of Bowling, which now appears in the record as one of the original papers filed before the justice, was not among the papers on the trial before the justice. The defendant has made no appearance in this court, and, as the record before us shows that it was one of the original papers transmitted by the justice to the circuit court, we must in determining the case treat it as such. This affidavit stated the facts constituting the offense, and upon the faith of it the prosecuting attorney was fully justified in filing the information.

Under this view the principal objection made to the information, that it failed to state that the prosecuting attorney had personal knowledge of the commission of the offense, is eliminated from the case. All the cases agree that this is unnecessary when the information is predicated on the affidavit of a third person. *State v. Wilkson*, 36 Mo. App. 373 ; *State v. Humble*, 34 Mo. App. 343 ; *State v. Hatfield*, 40 Mo. App. 358 ; *State v. Buck*, 43 Mo. App. 443.

Neither was it necessary for the prosecuting attorney to annex his affidavit to the information. Nor was it necessary to state in the information that it was accompanied by the affidavit of a third person. *State v. Fletchall*, 31 Mo. App. 301 ; *State v. Wilkson, supra ; State v. Ransberger*, 42 Mo. App. 466.

But if the affidavit was out of the case, the information would still be good under a recent decision of the supreme court in the case of *State v. Ransberger* (reported in 17 S. W. Rep. 290), in which the cases of *State v. Wilkson, supra ; State v. Buck, supra*, and

*State v. Humble, supra,* are overruled on this point. In the overruled cases it was decided that, under the law of 1885 (Laws of 1885, p. 145), when an information was not based on the affidavit of some third person, the prosecuting attorney was required to have some personal knowledge of the offense. The portion of the statute which is pertinent here reads: "And whenever the prosecuting attorney has *knowledge* of an offense cognizable by a justice of the peace in his county, or shall be *informed* thereof by complaint deposited with him as aforesaid, it shall be his duty to file an information," etc. The supreme court in construing this statute decided that the word "knowledge" as used in the statute meant information however acquired. Hence the conclusion was easily reached, that the statute authorized a prosecuting attorney to institute a criminal prosecution upon his information and belief.

It necessarily follows that the order of the court, quashing the information, must be set aside, and the cause remanded. All the judges concur.