THE STATE OF MISSOURI, Appellant, v. ISAAC L. HART, Respondent.

St. Louis Court of Appeals, February 2, 1892.

Criminal Law: INFORMATION. Even when an information is not sustained by the affidavit of a third person, it is not necessary either that the prosecuting attorney should have personal knowledge of the commission of the offense charged, or that the information should be verified by him.

*Appeal from the Greene Criminal Court.*—HON. M. OLIVER, Judge.

REVERSED AND REMANDED.

*Jas. D. Gideon* and *John H. Duncan*, for appellant.

No brief filed for respondent.

BIGGS, J.—The defendant was tried and convicted before a justice of the peace upon an information charging him with a criminal libel. There was an affidavit filed with the justice by the prosecuting witness. On appeal to the criminal court of Greene county the information was quashed on the motion of the defendant, and he was discharged by order of court. The state appealed.

The causes assigned in the motion were directed chiefly against the affidavit of the prosecuting witness, which was claimed to be insufficient in several particulars. If the affidavit be conceded to be insufficient, that would not of itself vitiate the information; for, if the affidavit be set aside, the information is sufficient without it.

It was objected, however, that the information was not properly verified by the prosecuting attorney. It was not necessary for such officer to make an affidavit to the facts stated in the information, for the reason that all of his official acts are presumed to have the sanction of his official oath. *State v. Fletchall*, 31 Mo. App. 297; *State v. Wilkson*, 36 Mo. App. 373. Neither was it necessary for the information to contain the statement that it was based on a personal knowledge of the facts by the prosecuting attorney. This was held by us to be necessary in *State v. Wilkson, supra*, where the information was not based on the affidavit of some third person possessing such knowledge. But since that decision, the statute ( R. S. 1889, sec. 4329 ) has been so amended as to permit informations to be made on the information and belief of the prosecuting attorney.

The respondent has filed no brief, and, therefore, we are not advised of the reason which governed the

trial court in its decision. But we can conceive of no other objections to the information than those suggested, which we have shown to be groundless.

The judgment of the criminal court quashing the information must be set aside, and the cause remanded for further trial. All the judges concur.