THE STATE OF MISSOURI, Appellant, v. G. C. HOCKER, Respondent.

Kansas City Court of Appeals, January 11, 1897.

1. **Criminal Law**: DISTURBING PEACE: INFORMATION. An information charging that defendant on, etc., at, etc., unlawfully and willfully disturbed the peace of D. by then and there cursing and swearing and by loud and unusual noises, and by loud, offensive, and indecent conversation, and by threatening, quarreling, and fighting against, etc., is sufficient.

2. **Criminal Procedure**: ARREST ON COMPLAINT: INFORMATION. If the accused be arrested on the complaint of a third person, the prosecuting attorney may, if he deem it advisable, base his information on the complaint or he may ignore it and file an information on his own information and belief; and, in order to do so, he need not try the defendant on the charges of the complaint nor dismiss the same.

3. ———: APPEAL: FILING AFFIDAVIT. Where the judgment of the justice and the jurat to the affidavit for appeal bear the same date and the latter was delivered to the justice, this was sufficient filing and entitled the defendant to his appeal.

*Appeal from the Howard Circuit Court.*—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*Sam C. Major* for appellant.

(1) The affidavit for appeal should be filed immediately after judgment is rendered and the tran-

script of the justice should affirmatively show this. R. S. 1889, sec. 4362; *State v. Epperson*, 4 Mo. 90; *State v. Cox*, 9 Mo. 180; *State v. Thomas*, 10 Mo. 235; *Deore v. Staeckler*, 49 Mo. App. 547; *Hastings v. Hennessy*, 52 Mo. App. 177; *The City of DeSoto v. Merciel*, 53 Mo. App. 57; *State v. Anderson*, 84 Mo. 524. (2) The information is sufficient in form. *State v. Fare*, 39 Mo. App. 110; *State v. Parker*, 39 Mo. App. 116. The prosecuting attorney has a right to file information upon his own knowledge or belief—nor is it necessary to state that it is upon his knowledge. Nor is it necessary that the prosecuting attorney should disclose the source of his knowledge of the crime or its perpetrator either in the body of the information or by affidavit. The information must contain all the essential averments to notify the accused of the nature and cause of the accusation. In other words he must affirm that a certain crime has been committed, and that a certain person committed it, and that is all that is required. *State v. Ransberger*, 106 Mo. 146; *State v. Sweeney*, 56 Mo. App. 409; *State v. McCarver*, 47 Mo. App. 650.

*W. C. Arline* for respondent.

No brief for respondent.

SMITH, P. J.—This case may be briefly and succinctly stated in this wise: One Duren filed a complaint before a justice of the peace charging the defendant with an assault. A warrant was thereupon issued and the defendant was arrested and brought before the justice. On account of the absence of the prosecuting attorney, the defendant was required to enter into a recognizance to appear before the justice at a later day, on which day both the prosecuting attorney and the

defendant appeared, when the former filed an information, which (omitting the caption) was as follows:

"Sam C. Major, prosecuting attorney within and for the county of Howard, in the state of Missouri, informs the justice that G. C. Hocker, on the first day of August, 1895, at the said county of Howard, did then and there, unlawfully and willfully, disturb the peace of one Larkin Duren, by then and there cursing and swearing and by loud and unusual noises and by loud, offensive, and indecent conversation and by threatening, quarreling, and fighting, against the peace and dignity of the state.

"SAM C. MAJOR, Prosecuting Attorney."

There was a trial before the justice, which resulted in the conviction of the defendant, who prosecuted an appeal to the circuit court, where the information was quashed, the grounds therefor being that, *first*, it did not set forth any specific offense, but charged a number of separate offenses in one count; *second*, that no foundation was laid by complainant for the information. The state appealed.

The information, under the ruling made in *State v. Fare*, 39 Mo. App. 110, and the cases that have followed it, is sufficient. And as to the other ground, it is to be observed that under the provisions of section 4330, Revised Statutes, when the accused is arrested upon the complaint made by any person competent to testify against him, he is required to be held until the prosecuting attorney shall have time to file an information against him. The prosecuting attorney is nowhere required by the statute to bottom his information on the complaint of a third person. If, after he has looked into the facts, he discovers that another and different offense from that described in the complaint

*CRIMINAL law: disturbing peace: information.*

has been committed, it is his duty in such case to file an information charging the accused with the proper offense.

Misdemeanors can be prosecuted only by indictment, or information. No prosecution is commenced for such offense until one or the other has been

CRIMINAL procedure: arrest on complaint: information. filed. Until a prosecution has been commenced, it could hardly be formally dismissed. The statute does not contemplate the discharge of the accused when the prosecuting attorney files an information charging a different offense from that charged in the complaint. There is no reason why the accused should be discharged from arrest on the warrant issued on the complaint and arrested again on another issued on the information.

It has been ruled that if the complaint be insufficient, that does not, of itself, vitiate the information. If the complaint be set aside, the information, if sufficient within itself, will not be quashed, or the accused discharged (*State v. Hart*, 47 Mo. App. 653), unless the information be based on the affidavit.

An information need not be based on the complaint of a third person, but may be made on the information and belief of the prosecuting attorney. R. S., sec. 4329. If the accused be arrested on the complaint of a third person, the prosecuting attorney may, if he deems it advisable, base his information on the complaint, or he may ignore it and file an information on his own information and belief. If the accused has committed an offense and has been arrested on a complaint which does not properly describe the offense, or does not describe an offense at all, the law gives him no right to demand a trial for the offense described in the complaint, and especially so where the prosecuting attorney files an independent information correctly charging him with the offense that that officer may

believe he can prove. The evident purpose of the statute is to provide a summary mode for securing the arrest of offenders and when arrested to give to the state the right to determine for what specific offense they shall be put upon their trial. Nor is the accused entitled to a discharge unless the prosecuting officer neglects or refuses for any reason to file an information within a reasonable time.

There is nothing in either ground of the motion justifying the action of the court in quashing the information.

II. It appears from the justice's docket that the judgment was rendered against the defendant on September 3, 1895, and that on the same day the defendant filed his "motion" for an appeal, *which was granted*. It also appears from the *jurat* to the affidavit that it was made on the day the judgment was rendered. From these facts, the inference may be fairly deduced that the affidavit or motion, as it is termed by the justice, was lodged with the justice immediately after the rendition of the judgment and before the appeal was allowed.

*—: appeal: filing affidavit.*

The only question is whether this was a sufficient compliance with section 4362, Revised Statutes, which provides that any person convicted of a misdemeanor *before* a justice of the peace, may have an appeal, if he shall *immediately after the judgment is rendered, file an affidavit* stating, etc. The affidavit, which was delivered along with the other papers in the case to the clerk of the circuit court, had no file mark on it, but since it seems to have been actually delivered to the justice whose duty it was to file it, this was a filing for all the purposes of the appeal. Anderson's Dict. of Law, 459; *Collin v. Kamman*, 55 Mo. App. *loc. cit.* 466; *Grubbs v. Cones*, 57 Mo. 83. It seems to us that it

was not only filed, but filed within the time required by the statute.

It is our opinion that the granting of the appeal was sufficiently regular to confer jurisdiction. The circuit court, therefore, did not err in overruling the motion to dismiss the appeal. The judgment, however, on account of the error previously noticed, will be reversed and cause remanded.   All concur.