**STATE of Missouri, Respondent,**

v.

**Clarence Amos BROWN, Appellant.**

**Nos. 24908, 24938.**

Kansas City Court of Appeals.

Missouri.

June 2, 1969.

*Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 6, 1969.*

Application to Transfer Denied
Nov. 10, 1969.

Compton & Brown, Roy W. Brown, Kansas City, for appellant.

Allen S. Parish, Prosecuting Atty., Saline County, Marshall, for respondent.

JAMES W. BROADDUS, Special Commissioner.

In this case an information filed by the Prosecuting Attorney of Saline County charged that defendant, Clarence Amos Brown, "on the 3rd day of December, 1966, at the said County of Saline, in the State of Missouri did, assault and beat William T. Hartley, Junior, by striking and beating him about the head, face and body with his (defendant's) hands and fists."

The evidence disclosed that Hartley was 40 years of age, five feet six and one-quarter inches in height and weighed 158 pounds. He had been in the United States Navy and while in the service had received a "skull fracture which was four inches long and three inches wide above the left ear, and a back fracture of the 5th, 6th and 7th dorsal vertebrae." He was adjudged by the Veterans Administration to have a "sixty percent permanent disability." Hartley testified that on more than one occasion prior to the date of the assault here involved he had told defendant of this disability. Hartley further testified that defendant was about 40 years of age, weighing "around 230 pounds" and "his height is around six feet"; that on December 3, 1966, he (Hartley) was in Charley's Tavern in the City of Marshall and that defendant came "over and said: 'You remember, I told you I was going to get you for that time you arrested me' and then he hit me. He struck me with his right fist on the left side of the face. The first blow, he knocked me out cold; not cold dazed; just dazed me, where I couldn't see nothing, where I couldn't react, or nothing else. I remember going down." Hartley's lip was cut and his face bruised and he bled from the mouth. He said that the doctor "took twelve stitches in my mouth and upper part of my lip."

Hartley testified that he wasn't sure how many blows were struck. One witness, Mr. Cross, testified that two blows were struck. Dr. Blalock, the treating physician stated that it was "quite possible" that more than one blow was struck.

Defendant testified that Hartley "called me a big punk" and "I hit him on the shoulder and it glanced off and hit him in the jaw." Hartley said that he did not say or do anything to provoke the assault.

Based upon this evidence, the trial court (a jury having been waived) found the defendant guilty of common assault and assessed his punishment at a fine of $100 and 60 days in the Saline County jail. Defendant was granted an additional 30 days to file a motion for new trial. Defendant filed his motion for new trial on May 25, 1967. Said motion was overruled by operation of law on August 23, 1967. On August 24, 1967, defendant filed his notice of appeal and said cause was transferred to this Court, and docketed as No. 24908. On October 9, 1967, the trial court, over the objection of defendant, granted allocution and pronounced judgment. Defendant on October 13, 1967, filed his notice of appeal from said judgment and sentence and said cause was transferred to this Court and docketed as No. 24938. Said appeals have been consolidated in this Court.

Defendant's first contention is "That the information is totally defective for the reason that it is not based upon the complaint or affidavit of any party with 'knowledge' of said offense."

The information was based upon the "official oath" of the prosecuting attorney, Mr. Parish, which stated "that the facts alleged in the foregoing information are true according to his best knowledge and belief."

Defendant contends "that in order to initiate a proceeding by information that the information signed by the prosecuting attorney in his official capacity must be based upon the affidavit of a person having actual knowledge of the offense or that the prosecutor must have some personal knowledge of his own that said offense has been committed."

Defendant cites Sect. 543.020 V.A.M.S. and State v. Wilkson, 36 Mo.App. 373; State v. Humble, 34 Mo.App. 343; State v. Hatfield, 40 Mo.App. 358, and State v. Buck, 43 Mo.App. 443. Those cases hold that an information must be based upon the *personal* knowledge of the prosecuting attorney. They construed Sect. 4329 R.S.Mo. 1889, which is now Sect. 543.020. They relate to informations in misdemeanor cases.

Defendant cites the case of State v. Ransberger, 42 Mo.App. 466, which was before this court. The Court's opinion written by Judge Ellison refers to the Humble and Wilkson cases and states: "Are these decisions sound? I am led to the conclusion that the construction placed upon the statute by them is either erroneous, or, if correct, the statute would be in conflict with the constitution of the State." The opinion stated that the question was one of great importance and the opinion of the Supreme Court should be taken, to the end that a final and authoritative interpretation may be had. The case was therefore transferred to the Supreme Court.

The Supreme Court's opinion in the case (106 Mo. 135, 17 S.W. 290) refers to the *Humble, Wilkson, Hatfield* and *Buck* cases and says:

"The contention is that the word 'knowledge' as here used means *personal* or *actual* knowledge as contradistinguished from information derived from others. We do not concur in this contention * * *."

The Supreme Court then proceeds to discuss the question of knowledge, and how the prosecutor acquires such knowledge, at considerable length. At pages 144 and 145,

17 S.W. at pages 293 and 294 of its opinion the following appears:

"If 'knowledge' is here used in its strict sense, prosecutions by information would be impracticable. The prosecuting attorney could not know even *one* fact, much less *all* the facts, in ninety-nine cases out of a hundred. Two courses in that event would be open to him. He would have to become a spy, detective, and informer, or else the statutes defining misdemeanors become a dead letter. The former course could not be tolerated for a moment, and the latter ought not to be. * * *

"If the prosecuting attorney must have actual knowledge of the commission of an offense before he can file an information, he would necessarily be a competent witness, and we would thus inaugurate the practice of. the same person preferring the charge as an officer, and then going on the witness stand to prove it. This is another practice that would and could not be tolerated for a moment. Experience proves that the less actual knowledge of an offense the prosecuting attorney has the more he is disposed to be impartial, and stand indifferent between the accused and the state; and the more he personally knows about the crime the more he is disposed to inject into the prosecution his personality, his feelings, and his spite."

In the later case of State v. McCarver, 47 Mo.App., 650, the court states at 1. c. 652, 653, "in the case of State v. Ransberger (106 Mo.Sup. 135 [17 S.W. 290]) the cases of State v. Wilkson, State v. Buck and State v. Humble, are overruled." If not expressly overruled, that is certainly the effect of the Supreme Court's holding.

In the case of State v. Crump, 412 S.W. 2d 490, 492, our Supreme Court said: "In respect to verification, both the complaints and informations were made upon the official oath of Robert L. Carr, Prosecuting Attorney of Washington County, Missouri, and Criminal Rule 24.16 and Section 545.-240, V.A.M.S., expressly provide that the prosecuting attorney may verify an infor-

mation upon information and belief. It is only where the information is supported by the affidavit of a private individual that such person must have actual knowledge of the offense. State v. Pace, Mo., 402 S.W.2d 351, 354(3, 4); State v. Statler, Mo., 383 S.W.2d 534, 536(1)."

■ It is true the above *Crump* case involved a felony. But it would indeed be strange for a court to hold that an information filed by a prosecuting attorney based upon his information and belief would be valid in a felony case, and defective in one involving a mere misdemeanor. We rule the contention against defendant.

Defendant thus states his next point: "That the Court failed to grant allocution within a reasonable time and failed to impose sentence on defendant without unreasonable delay."

Defendant points out that he was adjudged guilty by the Court on May 3, 1967; that by operation of law this judgment became final on August 23, 1967, and that the defendant was not granted allocution until October 9, 1967. He states that he "had no choice but to appeal from the judgment of the Court within ten days after August 23, 1967 (the date said judgment became final by operation of law.) Therefore, it is the contention of the defendant that the Circuit Court had no jurisdiction to proceed further with his case."

In the case of State v. Chase, 415 S.W. 2d 731, 732, our Supreme Court said: "Notwithstanding the court did not render formal judgment and impose sentence at the expiration of ninety days after the filing of the motion for new trial, it did not lose jurisdiction to do so."

■ Defendant could have arranged to appear at an earlier date had he so desired, argued his motion for new trial and, if it had been overruled, requested immediate judgment so that he could then appeal from the final judgment. No unreasonable delay occurred between conviction and judgment; but, even if we were to assume that the delay was unreasonable, defendant who was on bail during the time in question contributed to cause the delay and was not in any way prejudiced thereby.

Defendant's third contention is that the court abused its discretion by imposing a jail sentence, "said punishment being excessive under the facts and circumstances of the case."

As we have stated, the court assessed the defendant's punishment at 60 days in the county jail and a $100 fine.

The evidence most favorable to the State concerning the seriousness of the assault and the basis on which the court assessed the punishment is as follows: That Hartley was struck twice; that the defendant knew of the injury Hartley had incurred while serving in the Navy, and the medical dangers and problems a blow to the head would create for Hartley; that the blow or blows on the head of Hartley caused him to suffer a brain concussion and required a dozen stitches in his lip; that defendant stated just prior to the assault that he was going to get Hartley because Hartley had arrested him when Hartley was a member of the Marshall Police Department; that the assault was not provoked by any action, word or argument on the part of Hartley.

■ Under these facts the court was justified in assessing a relatively severe punishment, which was still well below the statutory maximum of six months in the county jail, or a $100 fine, or both. Sect. 559.220 V.A.M.S.

Defendant's final contention is that the court erred in overruling his motion to dismiss at the close of the prosecutor's opening statement for the reason: "The information fails to state that said acts were 'with intent to do bodily harm.' "

Defendant was charged with the violation of Sect. 559.220 V.A.M.S. which reads as follows: "Common assault. Any person who shall assault or beat or wound

another, under such circumstances as not to constitute any other offense herein defined, shall, upon conviction, be punished by a fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

■ It is to be noted that the information here involved contained the words "unlawful and willfully". "Willfully", has many times been defined by our courts to mean "intentionally, not accidentally" or "knowingly". State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 321, 324.

In the case of State v. Kunkle, 244 S.W. 968, this court said, page 969, that " * * * an information charging common assault is good if it charge assault and does not include the charge that the act was committed with intent to do personal injury. The intent is a matter of proof and may be inferred by the jury from the facts and circumstances of the case."

■ The information set out in the case of State v. Lair, Mo.App., 206 S.W.2d 706, 707, was held to properly charge an offense under what is now Sect. 559.220. The information there involved did not contain any words having to do "with intent to do bodily harm." The contention lacks merit.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed. All concur.