## STATE, Respondent, v. JOHN DANIELS, Appellant.

*Indictment—Larceny.*—The stealing of several articles of property at the same time and place constitutes but one offence, and should be so charged.

*Indictment—Larceny.*—The stealing of a horse, mare, or gelding, is made grand larceny by the statute, and it is therefore unnecessary to charge the value of the property in the indictment. (R. C. 1855, p. 575, § 25.)

*Practice, Criminal.*—The *minimum* penalty affixed by the statute to the larceny of a horse, mare, or gelding, is ten years' imprisonment in the penitentiary, and it was error in the Circuit Court to reduce the punishment assessed by the jury below the *minimum* thus affixed by the statute. (R. C. 1855, p. 1197, § 8.)

*Appeal from Greene Circuit Court.*

*Aikman Welch*, attorney general, for the State.

I. The court committed no error in overruling defendant's motion to quash. The indictment is not bad for duplicity, since the stealing of several articles of property at the same

State v. Daniels.

time and place constitutes but one offence. (Lorton v. The State, 7 Mo. 55.)

II. It is not necessary, where horses are the subject of larceny, to allege any value, since to steal a horse of any value is grand larceny. (1 R. C. 1855, p. 575, § 25.) The indictment is therefore sufficient.

III. The court did not err in giving the instructions asked for on the part of the State, nor in refusing the instructions asked for by defendant. The instruction asked for by defendant did not correctly declare the law, nor was there any evidence upon which to base it.

BAY, Judge, delivered the opinion of the court.

The defendant was indicted in the Greene Circuit Court for feloniously stealing, taking and carrying away one mare and one gelding, the property of one Richard W. Bragg. A motion was made to quash the indictment, which being overruled, the defendant was tried, and the jury found him guilty and assessed his punishment at ten years in the penitentiary. The case is brought here by appeal. It is contended by the defendant that the indictment is defective in this: that it charges the defendant with having stolen a mare and gelding, and omits to state the value of the property alleged to have been taken. We see no force in either of the objections. In Lorton v. The State, 7 Mo. 55, this court held that the stealing of several articles of property at the same time and place constitutes but one offence. This is unquestionably the law. (See 3 Chitty's Criminal Law, 959.)

The other objection has no application to an indictment of this kind. As a general rule, an indictment for larceny should state the value of the property taken, in order that the record may show whether the charge is grand or petit larceny; but under our statute the stealing of a mare or gelding is made grand larceny without reference to value, and therefore it is not necessary to the validity of the indictment that the value should be stated.

. This case will have to be remanded for error in the judgment of the court below. The penalty fixed by law for an offence of this kind is imprisonment in the penitentiary *not less than ten years*. The jury assessed the punishment at ten years, the *minimum*. The court, however, in giving judgment upon the finding of the jury, reduced the time to two years. The statute which gives power to the court, in cases of conviction, to reduce the extent or duration of the punishment assessed by a jury, if, in its opinion, the conviction is proper, but the punishment assessed is greater than under the circumstances of the case ought to be inflicted, never contemplated that the court should have power to reduce it below the *minimum*. The judgment of the court is therefore illegal and unauthorized.

Judgment reversed, and cause remanded for a new trial.