JOHN CALLAHAN AND JAMES DONALLY v. THE STATE.

THEFT FROM A HOUSE.—An indictment which charges theft from a house, under art. 2409, Pas. Dig., is not sustained by proof of theft from a tent.

APPEAL from Grayson. Tried below before the Hon. S. Hare.

Callahan and Donally were found guilty of theft from a house, and their punishment assessed at two years' imprisonment in the penitentiary; judgment accordingly, from which they appealed. So much of the charge of the court below and facts as are necessary to a proper understanding of the case will be found contained in the opinion.

*H. O. Head,* for appellants.

*George Clark, Attorney General,* for the State.

Defendants' motion to quash was badly taken. A house is "a place of habitation and dwelling of man," (Bouv. Dict., 679; Pas. Dig., art. 2364;) and the charge of the court thereon was strictly correct. (*Rec.* 7.)

The record does not disclose, by bill of exception or otherwise, that any instructions were asked by the defendants and refused; and therefore this court cannot notice it.

ROBERTS, CHIEF JUSTICE.—The defendants were convicted of the theft of a pistol, proved to be of the value of ten dollars, "from and out of the tent of the said W. C. Porter, said tent being then and there a house," as the same was described in the indictment. The evidence was that the pistol was in a trunk in a tent, which was in a wagon-yard, situated three and one-half miles from Denison; that Porter's family lived in Denison, but that he and one Davis lived in the tent while attending to the wagon-yard; it consisted of two forks driven in the ground with a ridge-poll, across which was stretched a piece of ducking; this was closed at one end by another piece of cloth hung up, and was open at the other end.

It is provided in the Code (art. 2409, Pas. Dig.) that "if any person shall steal property from a house in such manner as that the offense does not come within the definition of burglary, he shall be punished by confinement in the penitentiary not less than two nor more than seven years."

The court charged the jury that "the term house means a building, edifice, or structure for the habitation of man; a dwelling-place or abode for any of the human species. A tent is a pavilion or portable lodge, consisting of canvas or other coarse cloth stretched and sustained by poles; and if used at the time of the alleged offense as a dwelling or abode for any human being, it would be a house."

This charge constrained the jury to find that the tent was a house, if they believed from the evidence that persons lived in it. About that fact there could be no question under the proof in the case.

The question then is, was this a correct charge? In the chapter of the Code which treats of burglary a house is de-

fined to be "any building or structure erected for public or private use, of whatever material it may be constructed; and a dwelling-house is any house where any person habitually sleeps." (Arts. 2364, 2365.) In the chapter on arson a house is defined, with somewhat more precision, to be "any building, edifice, or structure inclosed with walls and covered, whatever may be the materials used for building." (Art. 2310.) "A dwelling-house is any house within which some person habitually sleeps or eats his meals, though it may be used for other purposes, as a store-house, office, mill-house, or the like. A tent or open shed does not come within the meaning of a dwelling-house." (Art. 2311.)

The chapter on theft does not define the term "house" out of which the stealing of property is made a felony. The attempts at a definition above cited are obviously loose and indefinite. It is evident, however, that the Legislature in passing the Code had in view other structures, such as tents, open sheds, ships, steamboats, flatboats, and even rafts, in contradistinction to houses, although, as it is well known, persons may and do live, sleep, and eat in all such structures. This will suffice to show that every structure which is used for the time for the purposes for which a house is used, as for living, sleeping, and eating in, are not necessarily houses in contemplation of the law.

It is provided in the Code of Criminal Procedure that "all words and phrases used in this Code are to be taken and understood in their usual acceptation in common language, except where their meaning is particularly defined by law." (Pas. Dig., art. 2516.)

Under the rule here prescribed there is no difficulty in deciding this case.

Such a structure as that described by the witness would in common language be called, as it was called by the witnesses, a tent; never a house. It is not necessary in this case to make the effort to determine the exact point

when a structure, from its construction and uses, would cease to be a tent, and would be taken and understood to be a house, according to the usual acceptation in common language of the word " house; " for, as described by the witness, it comes so nearly not being even a tent, as that term is understood in common language, that it cannot be other than a tent. However difficult it might be to define in words the exact difference in some possible cases between a house and a tent, it can readily be conceived that there are houses that cannot be called, taken, or understood to be tents, and tents that cannot be called, taken, or understood to be houses; and this is one of them.

It may be contended that the reason is as strong for protecting one's property from theft, by increased punishment, who lives in a tent, as that of one who lives in a house. Upon that there may be a difference of opinion. But if it be admitted, it does not follow that criminal prosecutions will follow the reason of the law from an instance specified to one not specified, to which it might equally apply, especially when both were in the legislative mind, and one was expressly provided for and the other not.

The defendants having appealed to this court, and assigned errors as to the charge of the court and the insufficiency of the facts to sustain the verdict, we are of opinion that the court erred in the charge, and that the facts proved did not justify a conviction of theft from a house under the Code. (Pas. Dig., art. 2409.)

REVERSED AND REMANDED.