The State v. Sharp.

THE STATE v. SHARP, *Appellant.*

DIVISION TWO.

1. **Grand Larceny:** STEALING FROM RAILROAD CAR : INDICTMENT. Stealing from a railroad car is grand larceny, without reference to the value of the property taken ( R. S. 1879, sec. 1309 ), and it is not necessary in an indictment for the offense to allege or prove the value of the property taken.

2. **Practice, Criminal:** VARIANCE. Where an indictment charges the larceny of property from a car on the track of the Wabash railroad, and the proof is that it was taken from a car of the Wabash Western railroad, the variance is not such as could have operated prejudicially to the defendant, where it was shown that there was but one railroad in the county, and that defendant could not have been misled.

3. ———— : ————. Objections on account of such variance should in the first instance, at least, have been made in the trial court.

The State v. Sharp.

4. ——— : CONVICTION OF PETIT LARCENY ON CHARGE OF GRAND LAR-CENY. On a charge of grand larceny from a railroad car a conviction may be had for petit larceny, if the larceny was from the ground near the car, and the value of the goods taken was below that necessary to make the offense grand larceny.

5. ——— : INSTRUCTIONS. It is the duty of the court in criminal trials to instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict.

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED. ·

*John M. Wood*, Attorney General, for the State.

(1) The indictment properly charges larceny from a railroad car under the provisions of section 1309, Revised Statutes, 1879. It is not necessary that the value of the property stolen should be alleged. in the indictment. Under this section of the statute, value is required to be alleged and proven when the kind and extent of the punishment depends on the value of the stolen article ; otherwise it is not. 2 Bish. Crim. Proc., secs. 713–718 ; 1 Bish. Crim. Proc., sec. 541 ; *State v. Daniels*, 32 Mo. 558. (2) The offense of stealing from a railroad car is, under section 1309, *supra*, grand larceny, irrespective of the value of the property. *State v. Castor*, 93 Mo. 242 ; *State v. Patterson*, 98 Mo. 283 ; *State v. Reilly*, 100 Mo. 493. (3) No reason was assigned for any objection to the evidence, and the objection made cannot be considered. *State v. Brown*, 95 Mo. 19 ; *State v. Gilmore*, 85 Mo. 554. (4) The instructions properly declared the law as to larceny in a railroad car. R. S. 1879, sec. 1309 ; *State v. Ramels-burg*, 30 Mo. 26 ; *State v. Brown*, 75 Mo. 317 ; *State v. Kennedy*, 88 Mo. 341. (5) It will be presumed that the trial court, in refusing defendant's demurrer to the

evidence, found that the variance claimed between the allegations in the indictment and the evidence as to the location of the railroad car was immaterial, and not prejudicial to the defense; such being the case, this court will not review the action of the trial judge. R. S. 1879, sec. 4114 ; *State v. Meyer*, 82 Mo. 558, and authorities cited ; *State v. Sharp*, 71 Mo. 218.

MACFARLANE, J.—Defendant was indicted in the circuit court of Montgomery county for stealing in the night-time from a railroad car standing on the track of the Wabash railroad, in Montgomery City, in said county, about seven bushels of oats, the property of James R. Hance. Under this indictment he was tried and convicted of grand larceny. There was evidence introduced by the state which tended to prove that defendant, about eight o'clock at night, stole from a car standing on the track of the Wabash Western railroad about the alleged quantity of oats belonging to James R. Hance. It was shown that no other than the Wabash Western railroad passed through Montgomery county.

The evidence also tended to prove that defendant did not steal any oats from Hance, that he gathered up some oats belonging to Hance from the ground near the car ; and that his character previous to this accusation had been good. The value of the oats was neither alleged in the indictment, nor proved on the trial.

I. In an indictment for larceny it is usual to allege, and prove, the value of the property taken. Where the punishment is, by law, greater or less, according to the value of the article stolen, it is necessary to state the value in order to show to which class the offense belongs ; otherwise, the value becomes immaterial, and need not be averred or proved. 1 Bish. Crim. Proc., secs. 540, 541 ; 2 Bish. Crim. Proc., sec 713; *State v. Daniels*, 32 Mo. 558 ; *State v. Lawn*, 80 Mo. 241.

This indictment was framed upon section 1309, Revised Statutes, 1879. Under that section stealing from a railroad car is made grand larceny without reference to the value of the property taken. *State v. Riley*, 100 Mo. 496. It was not necessary, therefore, to state in the indictment, or prove upon the trial, the value of the oats taken.

II. The variance between the charge in the indictment, that the oats was taken from a car on the track of the Wabash railroad, and the proof, that it was taken from a car on the track of the Wabash *Western* railroad, was not such as could have operated prejudicially to defendant. It was shown that there was but one railroad in the county, and defendant could not have been misled by reason of the indictment omitting the word "Western" from the name. Moreover, objections on account of such variance should, in the first instance, at least, he made to the trial court. "Such variance shall not be deemed grounds for an acquittal of the defendant, unless the court, before which the trial shall be had, shall find that such variance is material to the merits of the case, and prejudicial to the defense of the defendant." R. S. 1879, sec. 1820; *State v. Sharp*, 71 Mo. 218; *State v. Ballard*, 104 Mo. 634.

III. The court properly instructed the jury that if the larceny was in a railroad car, and the oats taken was of any pecuniary value, they should find defendant guilty as charged.

The court also instructed the jury that if the larceny was from the ground near the car defendant would be guilty of petit larceny only. The court assumed in this instruction that the value of the oats was below that necessary to make the offense grand larceny. This instruction was given in defendant's interest, and was most favorable to him.

In view of the evidence, and the omission to prove the value of the oats, the instruction was properly

given under the statute requiring the court to "instruct the jury, in writing, upon all questions of law arising in the case, which are necessary for their information in giving their verdict." R. S. 1879, sec. 1908.

The court also properly instructed the jury that defendant should have the benefit of every reasonable doubt of his guilt, and as to the consideration to be given the evidence of his previous good character.

No error appearing the judgment is affirmed. All concur.