STATE OF MISSOURI, Appellant, v. JAMES PRUETT, Respondent.

St. Louis Court of Appeals, February 12, 1895.

1. **Criminal Law**: MALICIOUS WOUNDING OF CATTLE. The statute making it a misdemeanor to willfully and maliciously wound any horse or cattle, applies to pigs. The word cattle as used therein is intended to include all domestic quadrupeds.

2. ———: REQUISITES OF INFORMATION FILED IN COURT OF RECORD. An information filed by a prosecuting attorney in a circuit court need not be based on his personal knowledge; but an information so filed will be fatally defective, if it is neither verified nor supported by affidavit.

*Appeal from Pulaski Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

No brief filed for either appellant or respondent.

BIGGS, J.—The prosecuting attorney filed in the circuit court the following information against the defendant, to wit:

"Now, at this day, comes W. D. Johnson, prosecuting attorney within and for Pulaski county, in the state aforesaid, and gives the court herein to

be informed and understand that James Pruett, at the county of Pulaski and state aforesaid, on the first day of June, 1893, did then and there willfully and maliciously and cruelly maim, wound, beat and torture to death eight pigs, of the value of $1 each, and of the aggregate value of $8, the same being the personal property of one J. F. Mitchell, by striking and beating the said eight pigs to death with rocks, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.

"[Signed]        W. D. JOHNSON,
"Prosecuting Attorney."

The names of the witnesses for the state were indorsed on the back of the information.

The defendant filed a motion to quash the information, for the reasons that it was insufficient, both in form and substance; that it was not based on the personal knowledge of the prosecuting attorney, and that it was not verified by him or supported by the oath of any one. The court sustained the motion, and discharged the defendant. The state has appealed. We will notice the objections to the information in the order above stated.

The information sufficiently charges an offense under the statute (R. S. 1889, section 3621). It substantially follows the language of the section, which is generally sufficient. The section reads: "Every person who shall willfully and maliciously or cruelly maim, wound, beat or torture any horse, ox or other cattle, whether belonging to himself or another, shall be deemed guilty of a misdemeanor." The offense specified falls within the statute, as the term "cattle" designates all domestic quadrupeds collectively, and has been held to include horses, sheep and hogs. *State v. Lawn*, 80 Mo. 241. We, therefore, conclude that there is no merit in the defendant's first objection.

There is likewise no merit in the second objection. When the information is filed in the circuit court, the statute expressly authorizes it to be done on the information and belief of the prosecuting attorney. (R. S. 1889, section 4057.) Besides, the supreme court has decided that all informations may be preferred by prosecuting attorneys upon their *information* and belief, even though the statute should prescribe that it should be done on their *knowledge*. *State v. Ransberger*, 106 Mo. 135; s. c., 42 Mo. App. 466.

There ought not to be any room for controversy or doubt about the third objection. The statute expressly provides that informations filed in courts of record "shall be signed by the prosecuting attorney and be verified by his oath or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information," etc. R. S. 1889, sec. 4057. The information here is not verified by the oath of any one. Neither is it supported by the affidavit of any one, and there ought not to be any question about its insufficiency. But the adjudicated cases do leave the matter in some doubt.

The supreme court in the case of *State v. Kelm*, 79 Mo. 515, decided that the term "information," as used in the constitution of the state (article 2, section 12), is to be understood as a common law information, that is, such as is presented by the attorney general or solicitor general of England. The court also decided that, in the use of the process, the same powers were possessed by the prosecuting attorneys of the various counties of the state, as are exercised by the attorney general or solicitor general of England.

Judge ELLISON, speaking for the Kansas City court of appeals in *State v. Ransberger*, *supra*, went a step farther, and held that the framers of the constitution

by adopting the information of the common law con-
ferred the right on the prosecuting attorneys to file
informations on their own responsibility and without
oath, and that in the exercise of this right they could
not be subjected to *statutory restraints or regulations*.
That case was certified to the supreme court, and that
particular ruling of Judge ELLISON seemingly received
the sanction of that court.   Now, if that be the law,
then no information need be verified, although the
statute may require it to be done; for it is well estab-
lished that an information at common law is but the
allegation of the officer of the crown, and may be pre-
sented by him without leave of court and *without oath*.

On the other hand, the supreme court, in the case
of *State v. Bennett*, 102 Mo. 356, had under considera-
tion the sufficiency of an information filed in the St.
Louis court of criminal correction, which is a court of
record.   One of the objections to the information was
that it was not properly verified.   The objection was
fully discussed and passed on, and no intimation was
made, either by the court or counsel, that a verification
was unnecessary.   Such could not have been the
opinion of the supreme court, or else the question could
have been disposed of in a line.

The information in the *Ransberger case* was filed
before a justice of the peace, and we fully concur with
Judge ELLISON that such an information need not be
sworn to by the prosecuting attorney.   The reason of
this is that the statute regulating such informations
prescribes that they may be preferred by the prosecut-
ing attorney "under his official oath" (R. S. 1889,
sec. 4330); and as all official acts of a prosecuting
attorney must be presumed to be under his oath of
office, that clause of the statute should be treated as a
surplusage.   *State v. Fletchall*, 31 Mo. App. 296; *State v.
Wilkson*, 36 Mo. App. 373.   To that extent only is the

decision of Judge ELLISON a precedent, and to that extent only are we bound by the decision of the supreme court affirming it. But the reasoning of Judge ELLISON goes much farther, and in fact condemns as unconstitutional all statutes which attempt in any manner to regulate or impose new conditions on the use of the process. To this we can not agree, and we think we are supported by the supreme court in the case of *State v. Bennett, supra.*

Our conclusion is that the information is insufficient for want of verification, and that the action of the circuit court in quashing it must be upheld. Judgment affirmed. All the judges concur.