## THE STATE v. WEBER, Appellant.

### (No. 2.)

**Division Two, May 8, 1900.**

1. **Larceny:** STEALING FROM DWELLING HOUSE: VALUE OF GOODS. Stealing from a dwelling house is grand larceny without regard to the value of the property taken, and it is not necessary to state its value in the indictment or to prove it.

2. ————: DWELLING HOUSE: WHAT IS? The use to which a house is put usually determines whether or not it is a dwelling house under the burglary and larceny statutes. A small log house, substantial and permanent, 15 by 16 feet, with no flue or fire-place and only one window which was boarded up, was located in a woodland and had been built for and was occupied by wood-choppers while chopping wood from the land near by. Several days prior to the burglary two persons were staying in the house of nights, sleeping, eating and living there, and when they were absent it was kept locked. Defendant broke into it by tearing boards from the roof, and took and carried away some clothing belonging to the wood-choppers, who were not the owners of the house. *Held,* that the house was a dwelling house within the meaning of the statute making it grand larceny to steal from a dwelling house.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

.AFFIRMED.

*J. J. Cope* for appellant.

(1) There is no evidence that the property, which the indictment pretends to charge the defendant with stealing, was of any value whatever at the time the same is charged to have been taken. There must be some value proven at the time of the taking of the property or a conviction can not stand. State v. Krieger, 68 Mo. 98. (2) The evidence does not show that the building mentioned in the indictment was a dwelling house as contemplated by the law in such cases. Sec.

3512, R. S. 1889, in describing and defining a dwelling house, says: "Every house, prison or jail, or other edifice which shall have been usually occupied by persons lodging therein shall be deemed a dwelling house of any person having charge thereof or so lodging therein, but no warehouse, barn, shed or other outhouse shall be deemed a dwelling house or part of a dwelling house within the meaning of this or the last section unless the same be joined or immediately connected with or is a part of a dwelling house." This statutory designation of a dwelling house differs from the definition of a dwelling house at common law. The dwelling house at common law included, says Lord HALE, the privy, barn, stable, cow houses, dairy houses, if they are a part of the messuage, though they are not under the same roof or joining contiguous to it. The word "house" is not identical with "dwelling house," but "dwelling house" and "mansion house" are the same.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) It was not necessary for the State to allege and prove the value of the article or articles. Burglary with larceny always makes the larceny grand larceny regardless of the value of the stolen property. Proof of some pecuniary value is all that is necessary. State v. Sharp, 106 Mo. 106; State v. Brown, 75 Mo. 317; State v. Schatz, 71 Mo. 502. (2) The defendant sought in the evidence to prove this building a barn or cow stable. If that is accepted then the building will come within the curtilage of the owner's residence, and the crime is still burglary. Murry may have had another place of residence, yet the fact that he stayed at this house in the woods when he was at work there, and also that it was built for the purpose of sheltering those whom the owner might employ to cut wood for him, made it a dwelling. State v. Jones, 106 Mo. 302; State v. Clark, 89 Mo. 429; State v. Meerchouse,

34 Mo. 344; State v. Hecox, 83 Mo. 531.　Moore used this building as others had used it and for the purpose it was built; to give him and his property the protection of a dwelling over it, and for the happiness and comfort of his own physical being.　At least while anyone was occupying it as Moore did it was a dwelling, even though he was temporarily absent.

BURGESS, J.—At the October term, 1899, of the Dent Circuit Court, the defendant was indicted and convicted of burglary and larceny, and his punishment for the burglary fixed at three years' imprisonment in the penitentiary, and for the larceny at two years' imprisonment in the penitentiary.

After unsuccessful motions for a new trial and in arrest, defendant appeals.

The house into which defendant was convicted of breaking, was a small log house about fifteen or sixteen feet square, and was located in the woodland of one Alexander Murry in Dent county.　It had no flue or fireplace, but had one window, which however at the time of the burglary was boarded up. The house was built for and occupied by wood-choppers while chopping wood from the land near by.　On the 28th day of April, 1899, and for several days prior thereto, one George Moore and another person were staying in said houses, eating, living and sleeping there.　When absent from the house they kept it locked.　On said 28th day of April, 1899, defendant broke into the house, by tearing some boards from the roof, and took, stole and carried away therefrom, a coat, vest and pair of pants, the property of George Moore, which cost, when new, from three dollars and fifty cents to four dollars.

The first question presented for our consideration, is with respect to the value of the property stolen which defendant asserts must have been shown to be of some value at the time it was taken, otherwise the conviction of larceny can not stand. As a general rule this may be conceded to be correct (State v.

Krieger, 68 Mo. 98), but by section 3537, Revised Statutes 1889, stealing from a dwelling house is grand larceny without regard to the value of the property taken, in such circumstances it is not necessary to allege in the indictment, or to prove, its value.    [State v. Brown, 75 Mo. 317; State v. Butterfield, 75 Mo. 297; State v. Sharp, 106 Mo. 106.]

Nor do we think there is any question but that the house described in the indictment, and which the evidence showed defendant burglarized, was a dwelling house within the meaning of section 3521, Revised Statutes 1889.   Moore ate and slept in the house at night, and made it his home, and it was none the less his dwelling house because it was owned by another person, by whose consent and permission he occupied it.   And being occupied by him as a dwelling house, it must be held to have been such, for the use to which a house is put usually determines its character.   [Davis v. State, 38 Ohio St. 506.]   In Scott v. State, 62 Miss. 782, it is held that to render a building a dwelling house it must be a habitation for man, and usually occupied by some person lodging in it at night.   And in State v. Jake, 2 Winst. 80 (N. C.), it was held that a log cabin belonging to the owner of a tobacco factory, in which the superintendent of the factory usually slept, was a dwelling house, in which burglary might be committed.

The building is described as being a small log house about sixteen feet square, substantial and permanent, and in that respect differs from a tent or booth erected in a market or fair, in which at common law no burglary could be committed, although the owner may lodge in it.    [1 Hale P. C. 557; Bishop on Statutory Crimes, sec. 280; Callahan v. State, 41 Tex. 43.]

The instructions covered every phase of the case, and seem to be free from objection.

Finding no reversible error in the record, we affirm the judgment.

*Gantt,, P. J.*, and *Sherwood, J.*, concur.